FLAVIEN BENJAMIN, Administrator, *vs.* FRANK LAROCHE.

November 7, 1888.

Estates of Decedents—Allowance to Widow—Sale before Order Made —Title of Purchaser.—A widow having selected such personal property of her deceased husband as she was entitled to by statute, and having sold the same, and after her death the probate court having sanctioned her selection and "allowed" the property to the widow's vendee, *held*, that the latter was entitled to the same.

Appeal by plaintiff, administrator of the estate of Antoine L'Heureux, deceased, from a judgment of the district court for Rice county, *Buckham*, J., presiding, affirming an order of the probate court.

*Thomas H. Quinn*, for appellant.

*Mott & Gipson*, for respondent.

DICKINSON, J. This appeal from the judgment of the district court (affirming the action of the probate court) brings in question the propriety of the determination of the probate court in allowing to the above-named respondent, as the assignee of the widow of the appellant's intestate, certain personal property of the deceased, of the inventoried value of $300. After the death of the deceased his widow took possession of this property, and afterwards sold and delivered it to the respondent, in consideration of an agreement by the latter for her support and to pay the debts of the deceased, which obligation he fully performed. After this transfer of the property the widow died. Then, upon application to the probate court, the property in question was by that court assigned to the respondent. From that action of the court the administrator appealed. The personal estate of the deceased, aside from furniture and household effects, exceeded $300 in value. No objection is made as respects the character or

value of the property thus disposed of; nor is it claimed that there are any unsatisfied charges upon the estate for which this property is liable.

We are of the opinion that the action of the probate and district courts should be sustained. The statute declares, in respect to the personal estate of intestates, that the widow "shall be allowed," besides articles of personal apparel and household furniture, "other personal property, to be selected by her, not exceeding in value three hundred dollars." Gen. St. 1878, *c.* 51, § 1. It is further provided in chapter 52, § 4, of the same statutes, that "a separate and distinct inventory and appraisement shall be made and returned, as aforesaid, of all the household furniture and other personal property which may be allowed to the widow, pursuant to the provisions of the preceding chapter; but the same shall not be considered assets in the hands of the executor or administrator." The appropriation of this property by the widow to herself, and her disposition of it, may be deemed a sufficient selection on her part. The right of the widow to select property to the amount specified is absolute, and, if the property chosen is within the prescribed limit, the widow is entitled to it as a matter of right, and such an appropriation should be allowed by the probate court. Whether a formal allowance of the court is necessary in such case, if in fact the selection appears to have been such as the widow was entitled to make, we need not decide, for in this case the court did sanction her appropriation of this property. In view of the absolute nature of her right in respect to the property which she may elect to take, it is not deemed material that the formal approval of the court was not until after she had died, nor that she had disposed of the property.

Judgment affirmed.

MITCHELL, J., *(concurring.)* I concur, but would place the decision upon the ground that the right of a widow to the property allowed her by subdivision 1, § 1, chapter 51, is as absolutely vested the instant of the death of her husband as that to her distributive share of the balance of the estate, the only difference being that in the one case the property is subject to administration and in the other not.

Hence, if she dies before making a selection, the property allowed her by this section goes to her personal representatives or assigns, who may make the selection, where one is necessary, the same as she might do if living. The only effect of the selection is to give precision, so to speak, to the property which has already become hers on the husband's decease.