## J. A. RICKERT, AS EXECUTOR, ETC. v. S. P. WARDELL AND OTHERS. [1]

February 28, 1919.

No. 21,124.

**Widow — right to select household goods may be waived.**

    The widow of an intestate made no formal selection of household goods and none were formally assigned to her. The household goods, $400 in value, were accounted for in the final account and assigned as other property in the final decree. The widow sold her interest to the other heirs, and received one-third of the appraised value in cash, and the use of the household goods for life. *Held*, the widow had no longer

[1]Reported in 170 N. W. 915.

any right in the household goods. She was entitled to select the household goods, and no order of the probate court was necessary to protect her right. But she might waive her right and did do so by knowingly permitting the probate court to dispose of this property in the administration of the estate. The decree is conclusive against collateral attack.

Action in the district court for Lyon county to recover possession of certain household goods or $1,000 in case recovery could not be had. The answer denied that the goods were of any greater value than $400, and alleged that defendants were the owners of the property. The case was tried before Olsen, J., who made findings and ordered judgment in favor of plaintiff. Defendants' motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, defendants appealed. Reversed and new trial granted.

*James H. Hall* and *W. W. Bartlett,* for appellants.

*Robinson & English,* for respondent.

HALLAM, J.

This is an action to recover possession of household goods of the value of $400. Plaintiff's testate was the second wife of John M. Wardell. Defendants are children of John M. Wardell, by his first marriage. The court found plaintiff to be the owner of the goods. Defendants appeal. There is no conflict in the evidence bearing on the question of ownership. John M. Wardell died intestate. There was a large estate of real and personal property, including the household goods in controversy. During the course of administration, the widow made petition to the probate court to have the homestead and the household goods set apart to her. The homestead "was given her by the probate court," but not the household goods. These were inventoried and appraised with the rest of the estate, and were included in the administrator's final account. The final account and the petition that it be examined and allowed were one document and recited that deceased died intestate and left surviving his widow and four children named, "who are all the heirs at law of said decedent and the persons entitled to the residue of said estate" and prayed for an allowance of the account and for a "final decree assigning the residue of said estate to

the persons thereunto entitled." The final decree was not put in evidence. It was stipulated on the trial that it was entered "in accordance with the final decree," probably meaning in accordance with the final account. We may fairly infer that it distributed the property accounted for in the final account, according to the law of distribution of intestate estates.

At the time of the settlement of the estate the Wardell children "bought" the share of the widow in the household goods, and she received from the administrator the appraised value in cash in lieu thereof, and they left the household goods "in her care for life." The household goods were at all times in the family homestead. The widow occupied the home and continued in the possession of the household goods until her death.

Apparently neither party to this transaction attempted to do business on strict business principles. It was a family affair. Some of the household goods had been in the Wardell family home for many years. The widow stated to witnesses that after her death the Wardell children were to have them. They in turn, when they "bought" them, left them with her for her life. There is no suggestion of fraud or imposition, or that the widow did not understand the transaction, or that she was not fully capable of protecting her interest in this family transaction.

The law of this case is clear. The household goods being of the value of less than $500, the widow was entitled to them. They were hers to select and no order of the probate court was necessary to perfect her right. Benjamin v. Laroche, 39 Minn. 334, 40 N. W. 156. But she might waive her right by declining to make a selection and knowingly permitting the property to be administered upon and disposed of in the administration of the estate. Sammons v. Higbie's Estate, 103 Minn. 448, 458, 115 N. W. 265. The household goods were part of the estate of the deceased. The probate court has jurisdiction over such property, and where it is accounted for in the final account, and assigned by the court in the decree of distribution, with the knowledge and acquiescence of the widow, the decree of the probate court is conclusive, and as long as the decree stands she has no right in the portion of such property assigned to others. The decree of

the probate court disposing of the Wardell estate was conclusive upon the widow and upon all persons interested in the estate. G. S. 1913, § 7385. It is not subject to collateral attack. Even if erroneous, it is nevertheless binding and conclusive, until reversed on appeal or set aside by some proper proceeding. Ladd v. Weiskopf, 62 Minn. 29, 64 N. W. 99, 69 L. R. A. 785; Chadbourne v. Hartz, 93 Minn. 233, 101 N. W. 68.

Judgment reversed and new trial granted.