[No. 15782. Department One. October 4, 1920.]

*In the Matter of the Estate of* LEOPOLD G. LAMBRECHT.[1]

TAXATION (226)—INHERITANCE TAX—DEDUCTION OF DEBTS—NECESSITY OF ADMINISTRATION. Rem. Code, § 9182, providing that the deduction of debts of the estate in computing the inheritance tax shall not be made unless the same are allowed or established within the time provided by law unless otherwise ordered by the judge of the proper county, has no application where there was no administration of the estate, administration having been dispensed with by agreement between the creditors and heirs, who paid the debts within the time prescribed by the general statute of limitations.

SAME (226)—INTEREST ON TAX—STATUTES. An inheritance tax, which is not paid within fifteen months from the date of the testator's death draws interest from that date, under Rem. Code, § 9182, providing that the inheritance tax shall draw lawful interest until paid and shall be a lien on the estate from the death of the testator, and Id., § 9192, providing that all taxes not paid within fifteen months from the death of the testator shall draw interest at the legal rate until paid.

COSTS (59, 72)—ON APPEAL—APPORTIONMENT—DISCRETION. Where an appeal from a judgment for an inheritance tax of $9.11 was taken by the state tax commissioner for the purpose of testing the law, and was not contested and was modified only to the extent of allowing interest thereon for fifteen months, the appellant will not be allowed the costs of the appeal.

[1] Reported in 192 Pac. 1018.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered November 6, 1919, upon findings in favor of the plaintiffs, in proceedings to determine the amount of an inheritance tax due from the estate of a deceased, after a hearing on the merits before the court. Modified.

*J. M. Thatcher* and *George G. Hannan,* for appellants.

PARKER, J.—The petitioners, lineal descendants and heirs of Leopold G. Lambrecht, deceased, commenced this proceeding in the superior court for Spokane county, under § 9197-1, Rem. Code, as found in the Laws of 1917, p. 596, seeking an adjudication of the amount of inheritance tax due from the estate of the deceased to the state. A hearing upon the merits in the superior court, the state tax commissioner appearing for the state and insisting that a larger amount of inheritance tax was legally due the state from the estate of the deceased than as claimed by petitioners, resulted in findings and judgment awarding to the state recovery computed upon $911.50 as the net value of the property of the estate subject to inheritance tax, and entering judgment accordingly in favor of the state for one per cent thereof, to wit, $9.11. From this disposition of the case, the tax commissioner has appealed to this court.

The controlling facts may be summarized as follows: Leopold G. Lambrecht died intestate in Spokane county, of which he was a resident, on June 12, 1909, leaving surviving him his wife and these petitioners, who are his lineal descendants and heirs. The whole property of deceased, at the time of his death, consisted of his one-half interest in the community property of himself and wife, situated in Spokane

county. The larger part of this was real property, subject to mortgage indebtedness of the community. No steps have ever been taken looking to the appointment of an administrator or administration of the estate by probate proceedings in the superior court; the widow and heirs apparently being able to satisfactorily settle the estate as between themselves and the creditors of the deceased, other than as to the state as an inheritance tax creditor. It was agreed upon the hearing in this proceeding that the superior court should determine the value of the estate subject to inheritance tax, upon evidence there to be introduced, without the appointment of appraisers. Upon the evidence so introduced the court found the value of the estate and its indebtedness at the time deceased died, and computed the amount of inheritance tax due thereon to the state, as follows:

Total value of community property...... $25,460.00
Mortgage indebtedness .........$2,750.00
Last sickness and funeral expenses    887.00      3,637.00
                                              ————————
Net value of community property........ $21,823.00
Net value of estate descending to
    heirs ......................$10,911.50
Amount of estate exempt from
    inheritance tax ............. 10,000.00
                                              ————————
Amount of estate subject to tax..........      $911.50
Amount of tax adjudged due (being 1%)..        9.11

We think that the evidence warrants the conclusion that the whole of the $3,637 indebtedness of the estate was paid by the heirs before any of it became barred by the general statutes of limitation.

It is first contended in behalf of the tax commissioner that the heirs of the estate were not entitled to deduction of the debts from the total value of the estate

before computing the inheritance tax, because the debts were not allowed and established in the course of regular probate proceedings in the superior court. This contention is rested by the tax commissioner upon the provisions of § 9182, Rem. Code, reading as follows:

The estate ''shall, for the use of the state, be subject to a tax as provided for in section 9183, after the payment of all debts owing by the decedent at the time of his death, . . . a reasonable sum for funeral expenses, . . . but said debts shall not be deducted unless the same are allowed or established within the time provided by law, unless otherwise ordered by the judge or court of the proper county, and all administrators, executors and trustees, and any such grantee under a conveyance, and any such donee under a gift, made during the grantor's or donor's life, shall be respectively liable for all such taxes to be paid by them, with lawful interest until the same shall have been paid. The inheritance tax shall be and remain a lien on such estate from the death of the decedent until paid.''

It seems plain to us that the special statute of limitation relating to the presentation of claims to executors and administrators of estates in the course of administration in the superior court which was one year following the publication of notice to creditors under the old law, § 1472, Rem. Code, and six months under the new probate code, Laws of 1917, p. 673, has no application to this case; since there was never any such administration of the estate, and, as we have seen, the debts here in question were paid before the expiration of the limitation of time prescribed by the general statutes of limitation. So the question here is, Did the heirs of the deceased have a right to dispense with the formal probate administration of the estate in the superior court and settle it, as between themselves and the creditors, by agreeing among themselves and

the creditors? We know of no law in this state that prevents the settlement of the estate of a decedent as between heirs and creditors, by common agreement between themselves, without administration of the estate by formal probate proceedings in the superior court. As to the deduction of debts from the total value of the estate for the purpose of determining the net value upon which inheritance tax shall be computed, it is true that the provisions of § 9182, Rem. Code, above quoted, do, in terms, provide that the "debts shall not be deducted unless allowed or established within the time provided by law"; which, if read entirely apart from the other provisions of the section, might seem to suggest that such debts must be established in a formal probate proceeding in the superior court; but this provision is followed by the words: "unless otherwise ordered by the judge or court of the proper county." This, we think, plainly shows that a formal administration of a decedent's estate by probate proceedings in the superior court and the establishment of claims through such proceedings is not necessary to the settlement of the inheritance tax which may be due from such estate. It is true that, at the time deceased died, there seems to have been no provision for the adjudication of the question of the inheritance tax apart from formal probate proceedings, as was later provided by § 9197-1, Rem. Code, as found in the Laws of 1917, p. 596; but it seems quite plain to us that the equity powers of the superior court were quite sufficient to give it jurisdiction to determine any controversies that might arise between the tax commissioner and the heirs of the deceased as to the amount of inheritance tax due the state, and incidental thereto, the amount of debts of the estate which the heirs may be entitled to have de-

ducted therefrom in computing the tax, in the absence of formal probate proceedings in the superior court. We are of the opinion that the superior court in this case had jurisdiction to determine the amount of indebtedness of the estate which those inheriting it were entitled to have deducted for the purpose of determining its net value upon which inheritance tax should be computed. If the debts claimed as a deduction by these petitioners as heirs of the deceased had not been paid by them within the time prescribed by the general statutes of limitation, so that the estate would have thereby been relieved from liability therefor, it may be that the heirs would not be entitled to such deductions; but that is not a question to be here considered.

It was adjudged by the superior court that the $9.11 inheritance tax awarded the state should draw interest at the legal rate from September 12, 1910. This date, it will be noticed, was fifteen months after the death of deceased occurred. It is contended by the tax commissioner that this was error, and that interest should have been allowed upon the amount awarded from the date of the death of deceased. We have seen by the concluding language of § 9182, Rem. Code, above quoted, that the tax shall draw "lawful interest until the same shall have been paid," and that it "shall be and remain a lien on such estate from the death of decedent until paid." In § 9192, Rem. Code, we read that the tax "shall be paid within fifteen months from the death of the testator or intestate, unless a longer period is fixed by the court. All taxes not paid within the time prescribed in this section shall draw interest at the legal rate until paid." From a reading of all these statutory provisions together, we conclude that they mean that the tax shall draw interest from the date of the death of the deceased, unless paid within

fifteen months thereafter, in which event the estate is entitled to remission of the interest. We conclude that, because of failure to pay the tax within the fifteen months following the death of the deceased, the trial court erred in fixing the time of the commencement of the drawing of interest by the tax at the end of fifteen months following the death of deceased, instead of at the time of his death. The judgment is directed to be modified by the superior court so that the $9.11 tax adjudged to be due will draw interest from June 12, 1909, the date of the death of deceased.

In view of the fact that this proceeding is, in substance, one of an equitable nature; that the tax commissioner's award in this court is only slightly in excess of his award in the superior court; the fact that it is apparent that the case was appealed by him to this court more for the purpose of obtaining an adjudication as to the proper construction of the statute than for the recovery of the extra small amount of tax claimed by him; and the fact that the heirs have not appeared and resisted his claim in this court, he will not be awarded costs in this court.

HOLCOMB, C. J., MAIN, MACKINTOSH, and MITCHELL, JJ., concur.