ESTATE OF SILJAN : SILJAN, Administratrix, Appellant, vs. TAX COMMISSION, Respondent.

*October 12—December 5, 1939.*

*Samuel Goldenberg* of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Albert B. Houghton,* public administrator of Milwaukee county, attorneys, and *Neil Conway,* inheritance tax counsel, of counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

ROSENBERRY, C. J.    Harold G. Siljan was survived by his wife, Isabel Rheins Siljan, his mother, Ella Siljan, and his wife's mother, Caroline Rheins.   His estate consisted of personal property and real estate and three life insurance poli-

cies, one in the amount of $3,018.09, payable to Ella Siljan, the mother; one for $44,026, payable to Isabel Rheins Siljan, his wife, and one for $49,263.61, payable to Caroline Rheins, his mother-in-law. Claims against the estate were allowed in the sum of $25,423.78. The major part of this amount was a claim for $22,586.37 filed by Caroline Rheins.

In determining the inheritance tax the county court made but one deduction, amounting to $135 administration expense. The claims allowed and other valid claims paid and the funeral expenses were rejected as deductions so that the clear market value of the estate after deduction was fixed at the sum of $97,485.38, and upon this basis a tax of $8,973.50 was assessed.

The administratrix contends, first, that the proceeds of the policy of insurance wherein Caroline Rheins is named beneficiary, should not be taxed; and, second, that in determining the inheritance tax the total amount of all debts and claims, including the claim of Caroline Rheins, should be allowed as a deduction from the gross estate.

In connection with the policy issued in which Caroline Rheins was beneficiary the following facts appear: (a) That the decedent, Harold G. Siljan, signed the application for insurance in 1927; (b) that at the time this insurance was taken out in 1927, the decedent was engaged to Isabel Rheins, the daughter of the beneficiary, Caroline Rheins, and it was expected that the decedent would work in the real-estate business of Mrs. Rheins; (c) that the face amount of this policy was $50,000, and Caroline Rheins was named beneficiary, and that Caroline Rheins as the employer of the decedent had an insurable interest in his life; (d) that shortly after the issuance of the policy in 1927, Isabel Rheins and the decedent were married, and thereafter the decedent caused the name of Isabel Rheins Siljan to be added as a conditional beneficiary in case Caroline Rheins should predecease the decedent; and Caroline Rheins consented to this arrangement; (e) that Car-

oline Rheins made the first payment on the policy and continued to make payments thereafter during the life of the policy; (f) that the Central Life Assurance Society, the insurance company in this case, knew that Caroline Rheins was to pay all the premiums on the policy because on the agent's report affixed to the application signed by the decedent was a statement of one Bates, the soliciting agent, dated May 7, 1927, to the effect that the premiums on said policy were to be paid by Mrs. Rheins; (g) that in 1933 and 1934 it was necessary to borrow on the policy to pay the premiums, the decedent and Caroline Rheins signing the necessary application blanks for the loan. In 1930 Caroline Rheins borrowed $33,122.26 from one of the banks in Milwaukee, one half of which she loaned to the decedent, for which he gave a note. This note was the basis of the claim filed by Caroline Rheins against the estate.

The Tax Commission contends that the amount of insurance payable to Caroline Rheins is taxable under the provisions of sec. 72.01 (7), Stats. 1937, which is as follows:

"Insurance payable upon the death of any person shall be deemed a part of his estate for the purpose of the tax, and shall be taxable to the person or persons entitled thereto. Such insurance except that returnable for income taxation, shall be taxable irrespective of the fact that the insurance premiums on any policy may have been paid by some person other than the insured, if the payment of such premiums was made out of funds or property contributed by the insured for such payment, or out of the income accruing from a principal provided by the insured for such payment, whether such principal was donated in trust or otherwise."

The statute as it stood before it was amended in 1929 was before the court in *Will of Allis* (1921), 174 Wis. 527, 529, 184 N. W. 381. At that time the statute read:

"Insurance payable upon the death of any person shall be deemed a part of his estate for the purpose of the tax, and shall be taxable to the person or persons entitled thereto."

Considering the statute the court said:

"It is the claim of the *state* that all life insurance maturing upon the death of the person insured is property subject to the tax prescribed in sec. 1087—1, Stats., upon the ground that the proceeds of such insurance policies can be treated by legislative action for the purposes of such taxation the same as the decedent's estate is treated, and that the payment of such proceeds to the beneficiaries can be made subject to inheritance taxation upon the principle that transfers of property by will, or by the intestate laws of this state, or by deed or grant, intended to take effect in possession or enjoyment at or after such death, are taxable. It is common knowledge that life insurance is usually effected by the insured on his life for the benefit of another and that he pays the premiums. In recent times life insurance effected by a person other than the insured for the benefit of the person effecting it and who pays the premiums has become established in business affairs. The latter class of life insurance creates relations between the parties to the contract materially different from those created by insurance of the former class. *We are of the opinion that the legislature intended that ch.·253, Laws 1915, was to include only such life insurance as the insured effects on his own life for the benefit of another and on which he pays the premiums.*"

The administratrix contends that under the facts of this case the proceeds of the policy are not taxable under the decision in the *Allis Case, supra,* for the reason that in this case the beneficiary paid the premiums. In the determination of this question, it must be remembered that we are not considering the power of the legislature to tax, the question the court had under consideration in the *Allis Case.* The question for determination here is, What did the legislature intend to tax? With the decision in the *Allis Case* before it, in which it was distinctly held that the legislature intended by the enactment of ch. 253, Laws of 1915, to include only such life insurance as the insured effected upon his own life for the benefit of another and *on which he pays the premiums,* the legislature amended the section so as to include in the taxable

class cases where the premiums were paid by a third party if the insured provided the funds for the payment. The legislature did not attempt to deal with cases where the premiums were paid by a third party from his own funds.

It is considered that by the amendment of 1929, the legislature made taxable insurance provided by the insured upon his own life where the premium was payable out of funds provided by the insured, even though the payment of premiums was in fact made by a third party. The language of the amendment "such insurance" must refer to taxable insurance as defined in the *Allis Case*. If there had been no interpretation of the statute prior to the adoption of the 1929 amendment it might be persuasively argued that all the incidents of ownership being in the insured, the mere fact that the beneficiary paid the premiums would not remove it from the field of inheritance taxation. However, when the court has interpreted the statute, the interpretation in effect becomes a part of the statute. *Milwaukee County v. City of Milwaukee* (1933), 210 Wis. 336, 246 N. W. 447. While under the facts of this case the policy in which Mrs. Rheins was named beneficiary does not in all respects fall within the first classification considered by the court in the *Allis Case,* that is, it is not a policy effected by a person other than the insured,—it is a policy issued for her benefit and one upon which she paid the premiums. The legislature did not attempt to deal with policies in this possible third class but merely attempted to bring within the act policies effected by the insured upon his own life where premiums were paid by a third party out of funds provided by the insured. The court improperly subjected the proceeds of the policy, of which Mrs. Rheins was beneficiary, to taxation.

No inheritance tax was levied except upon the proceeds of the policies payable to the several beneficiaries. From these proceeds there was deducted the statutory exemptions and the tax laid upon the remainder. The administratrix contends

that these amounts should have been diminished by the amount of the claims filed and allowed in the estate of Siljan. It is considered that the trial court correctly held the proceeds should not be so diminished. The proceeds of the policies are by statute made part of the estate for the purposes of inheritance taxation and that only. The proceeds of these policies could not become liable on account of claims allowed against the estate. The amount of the proceeds therefore should not be diminished on account of such claims. What is taxed is the amount that the beneficiary receives.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to enter an order setting aside the tax upon the proceeds of the policy made payable to Caroline Rheins and confirming the remainder of the assessment.