MARGARET SEVCIK v. COMMISSIONER OF TAXATION.

100 N. W. (2d) 678.

December 24, 1959—No. 37,701.

*Miles Lord,* Attorney General, and *Jerome J. Sicora,* Special Assistant Attorney General, for relator.

*Felhaber, Larson & Fenlon* and *Thomas M. Vogt,* for respondent.

NELSON, JUSTICE.

Certiorari upon the relation of the commissioner of taxation to review a decision of the Board of Tax Appeals.

John R. Sevcik died a resident of Ramsey County, Minnesota, January 25, 1956. At the date of death he owned certain real property in joint tenancy with his wife, Margaret, respondent here. There were no probate proceedings. Certain deductions were claimed in filing the inheritance tax return.

The inheritance tax return showed the total value of the purported joint-tenancy property to be $60,543.91. Respondent also reported a life insurance policy for $5,000, in which she was the beneficiary, and a transfer on January 9, 1956, of their joint checking account in the amount of $5,086.56, which was accomplished by redepositing the same in her individual name. This action had been taken by her upon the instruction of her husband, in contemplation of death, for purposes of convenience and to protect creditors, which were listed as follows:

| | |
|---|---|
| St. Paul Clinic | $1,005.00 |
| St. Joseph Hospital | 2,263.65 |
| Brunner Drugs | 165.46 |
| Willwerscheid Mortuary | 1,224.00 |
| | $4,658.11 |

Respondent deducted these debts leaving a net balance in the bank account of $428.45. Furniture and fixtures were valued at $1,000 and personal effects at $100, and Margaret Sevcik, wife, was listed as transferee.

The commissioner of taxation entered his order determining the inheritance tax against the estate without allowing deductions for expenses of last sickness and funeral or for allowance to the surviving spouse. His order was based upon the following computation:

| "Transferee, Relationship to Decedent, and Type of Transfer | Value | Amount of Tax |
|---|---|---|
| Margaret Sevcik, wife: | | |
| Joint tenancy property | $60,543.91 | |
| Less homestead | 14,503.64 | |
| | $46,040.27 | |

| | |
|---|---:|
| Transfer | 5,086.56 |
| Miscellaneous | 1,100.00 |
| | 52,226.83 |
| Less personal exemption | 10,000.00 |
| | 42,226.83 |

| | |
|---|---:|
| Tax | $1,027.94 |
| Less payment 3-13-57, in Cashier's office | 844.06 |
| Balance due | $ 183.88" |

Respondent appealed to the Board of Tax Appeals on the grounds that the commissioner erred in disallowing as deductions the debts of decedent consisting of last sickness and funeral expenses paid by her from assets transferred by decedent on January 9, 1956, and in disallowing a deduction of $1,100 for furniture and personal effects which passed to his surviving wife.

The matter was heard de novo by the Board of Tax Appeals. It held that the expenses of last sickness and funeral were valid deductions although the difference between the transfer of $5,086.56 and the $4,658.11 expended therefor, being the sum of $428.45, constituted a transfer in contemplation of death and was taxable as such. The board found that the bulk of the estate was not subject to probate and that the surviving spouse set out in the inheritance tax return furniture and fixtures of the value of $1,000 and personal effects of the value of $100, which items passed to her at the death of decedent. These the board also held to be allowable deductions.

M. S. A. 525.15(1) provides:

"When any person dies, testate or intestate,

"(1) The surviving spouse shall be allowed from the personal property of which the decedent was possessed or to which he was entitled at the time of his death, the wearing apparel, and, as selected by him, furniture and household goods not exceeding $2,000 in value, and other personal property not exceeding $1,000 in value."

Section 291.07 provides:

"Reasonable expenses of administration, funeral expenses, expenses of last sickness, claims against the decedent duly allowed as such, family maintenance to the extent provided by section 291.10 and allowances to the surviving spouse, Federal estate taxes and taxes which have accrued or are a lien on property in the estate at the date of death, shall be allowed as deductions, in the amount allowed by the probate court having jurisdiction, before computing the tax."

It is clear from the board's memorandum that the board determined that the furniture and fixtures and personal effects became vested in respondent at the instant of the husband's death and that no order of the probate court would be necessary to perfect the right to her allowance; that the fact that the probate court had no assets upon which it might exercise its segregation function should not deprive her of an otherwise valid deduction. The board further concluded that § 291.07 is ambiguous and construed it to mean that funeral expenses and expenses of last sickness and widow's allowance are in the instant case allowable deductions. The board said:

"* * * Inheritance taxes are assessed against all the assets in the estate whether they be probate or non-probate assets subject to the deductions set out. The Legislature must have intended that the deductions be granted regardless of whether the gross estate consisted solely of probate assets or non-probate assets, or a mixture of the two."

■ Taxes on inheritances, devises, and bequests are imposed in this state pursuant to the provisions of M. S. A. c. 291. Section 291.01 provides for the imposition of an inheritance tax where the transfer is by will or by the intestate laws from any person dying possessed of the property while a resident of this state and where the property is within the state and the decedent was a nonresident at the time of his death.

Section 291.01, subd. 2, provides that such tax shall be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof by any such transfer whether made before or after the passage of this

chapter. Subd. 3 defines what constitutes a transfer; and subd. 4 provides for the imposition of the same tax upon jointly owned property, and also provides that, where the property is owned jointly or a joint tenancy exists, the commissioner of taxation shall determine the inheritance tax, if any. Subd. 5 makes provision for imposing an inheritance tax upon certain life insurance proceeds and in that case also provides that the commissioner of taxation shall determine the tax, if any.

Section 291.02 provides that the tax so imposed shall be computed upon the true and full value in money of such property at the rates prescribed in c. 291 and only upon the excess over the exemptions therein granted. The exemptions are set forth in § 291.05. Section 291.07, heretofore set out in full, lists certain allowable deductions to be "in the amount allowed by the probate court having jurisdiction, before computing the tax." It is, of course, to be inferred that this would be the procedure where the transfer is by will or under the intestate laws of this state. Otherwise, the commissioner of taxation must determine the inheritance tax, if any, under § 291.01, subds. 4, 5.

Two limitations are applied to the allowable deductions provided for in § 291.07, where an estate is subject to probate; namely, that reasonable expenses of administration are allowable and that claims against the estate to be deductible must have been claims duly allowed as such pursuant to the provisions of the probate code. The other allowable deductions are subject to no specific limitation but appear to be allowable in an amount formally ordered by the probate court having jurisdiction.

Section 291.09 contains the provision that:

"Except as otherwise herein provided, the tax upon any transfers by a non-resident of real property within this state or personal property having a situs within this state shall be determined by the probate court in all cases where the estate is probated in this state. *In all cases where the tax is not determined by the probate court it shall be determined by the commissioner of taxation.*" (Italics supplied.)

Section 291.10 provides:

"In determining the value *of any estate subject to an inheritance*

*tax,* the amount deducted for the maintenance of the family shall not be greater than the amount allowed by the probate court for one year, and which is reasonably required or actually expended for their support during the settlement of the estate, not exceeding in any event the sum of $5,000." (Italics supplied.)

Section 291.11 provides that all taxes imposed by this chapter shall take effect at and upon the death of the person from whom the transfer is made, except as otherwise provided in the chapter.

As to the manner of appointing appraisers, § 291.22 provides that, where any inheritance, devise, bequest, or legacy is subject to the imposition of a tax, an application therefor may be made to the probate court by any interested party, *including the commissioner of taxation.*

Clearly, § 291.07 must be interpreted having regard to the provisions of c. 291 as a whole. There is no indication as such and no implication to be drawn that all deductions made allowable by § 291.07 as therein enumerated are to be disregarded or denied dependent upon a probate court order. Section 291.07 constitutes a part of c. 291, governing the imposition of inheritance taxes, wherein it is clearly set forth that in all cases where the tax is not determined by the probate court it shall be determined by the commissioner of taxation. It is hardly to be presumed that the legislature intended such glaring inequities in applying the inheritance tax burden, as contended for in this case, between transfers of various types of estate properties classified in § 291.01 or to apply one rule where the probate court determines the inheritance tax and another rule where the commissioner of taxation determines the amount to be imposed on what the beneficiary receives.

■  This court has frequently reiterated the rule that an interpretation of a statute which will lead to an absurd result is to be avoided if the language used will reasonably bear any other construction.[1]

■  The particular issues here involved have never been before this court. True departmental interpretation has been testified to and

---

[1]See, Bricelyn School Dist. v. Board of Co. Commrs. 238 Minn. 53, 55 N. W. (2d) 597; M. S. A. 645.17(1). For a full list of citations, see 17 Dunnell, Dig. (3 ed.) § 8947, note 69.

set forth in the record covering a somewhat extended period. There is no indication in the record that the Board of Tax Appeals of this state has passed upon these particular issues in any prior appeal. This court, referring to and construing L. 1905, c. 288, the forerunner of the present c. 291, in State ex rel. Hale v. Probate Court, 100 Minn. 192, 110 N. W. 865, held that all provisions of L. 1905, c. 288, §§ 1, 3, 4, 6, and 15, now incorporated in this chapter, were to be construed together as interdependent parts of one law.

■ Respondent herein contends that the applicable statutes clearly entitle her to the deductions involved herein in determining the net taxable estate without regard to whether the assets are wholly joint-tenancy assets and no probate proceedings are required.

The joint-ownership estate in the instant case had its beginning with the marriage of the joint owners in 1929, and its consummation for inheritance tax purposes when the husband died on January 25, 1956. They worked together throughout the years of their married life in all their business ventures. Throughout the period their earnings were from time to time invested in their joint names. As a result their properties, both real and personal, became joint-ownership property. The record indicates that they purposely made all their investments jointly to that end.

The following statement of Mr. Justice Holt in State ex rel. Pettit v. Probate Court, 137 Minn. 238, 240, 163 N. W. 285, 286, L. R. A. 1917F, 436, 438, gives support to the reasoning applied to both the facts and the applicable law in the instant case by the Board of Tax Appeals:

"* * * We have no laws in terms designated 'intestate laws,' but we do have statutes relating to the disposition of the property of intestates, namely, sections 7237, 7238 and 7243, G. S. 1913. The first two cover real estate and the last personal property. In those three sections are found the rights of both widow and heirs in the undisposed property of a decedent, and nowhere else. Hence there can be no doubt that these sections are the ones referred to in the inheritance tax laws as 'the intestate laws of this state,' just as plainly as if they had been specified by their appropriate numbers. *The word 'transfer,'*

*in the connection used, can have no restricted technical meaning. The inheritance tax laws of some states employ the expression 'property passing by will or by intestate laws,' or 'inheritance' laws. The meaning is the same and refers to the change in possession and ownership of property when the owner dies. It may also be worthy of note that we must assume an intention on the part of the legislature to treat all fairly and impose the burden of the tax as equally as may be.* The law exempts a stated amount to the widow. This in itself indicates an intention to tax the balance. If this exemption is to obtain only when she takes under the will of her husband it leads to what, in many instances, results in unjust and unequal burdens. Frequently wills give to the surviving spouse either somewhat more or somewhat less than the statutory amount, and again for the sake of avoiding the cumbersome manner of caring for the property left behind, where there are minor children, a husband often makes a will leaving all to the wife, well knowing that she will manage and conserve the estate for the best interest of the children. To say that in such cases the tax was designed to be imposed, and not where such wills are renounced by the widow, or where there is no will, leads to an unjust and inequitable imposition of the tax.

\* \* \* \* \*

"We are clear that the legislature never intended to impose a tax upon the allowance for the widow and family of a decedent pending a settlement of the estate, nor upon the limited articles of personal property she is permitted to select from the estate, for no part thereof is property subject for distribution; it, in fact, is entirely withdrawn and excluded from the assets of the estate, as hereinbefore stated. We are equally clear that the legislature did not intend to omit the statutory interest of the surviving spouse of an intestate from the tax. \* \* \*

\* \* \* \* \*

"\* \* \* From a practical view the answer is, that the legislature intended to impose the tax only upon the property derived from the estate of which the person dies seized or possessed; *that is, only upon property which is usually distributed by the final decree of the probate*

*court, and upon such property as would have been thus distributed but for transfers made in contemplation of death and with the view to avoid the tax. \* \* \**

"We have not referred to the alleged interpretation given the law, since its enactment, by the authorities charged with the duty of enforcing the tax, for, aside from other considerations, we think the record presents nothing from which the court should take cognizance of such interpretation." (Italics supplied.)

■ It is clear from the inheritance tax statutes and the decisions of this state that the tax imposed is a tax upon succession. It has frequently been said to be a tax upon what in fact is received by the beneficiary. In re Estate of Bowlin, 189 Minn. 196, 248 N. W. 741. This fundamental difference between what is termed an estate tax in some jurisdictions and an inheritance tax in this state was fully recognized in State v. Wagner, 233 Minn. 241, 46 N. W. (2d) 676, 23 A. L. R. (2d) 762. In In re Estate of Bowlin, 189 Minn. 196, 198, 248 N. W. 741, 742, this court said:

"\* \* \* Our inheritance tax is a tax upon the succession and has frequently been held to be a tax upon what in fact is received by the beneficiary. \* \* \*

"\* \* \* The rule contended for by the state might frequently under present conditions impose upon the residuary legatees an inheritance tax in excess of the value of what they receive. Such a result amounts to an absurdity, not within the contemplation of the legislature."

And in In re Estate of Reynolds, 219 Minn. 449, 453, 18 N. W. (2d) 238, 240, the court said:

"\* \* \* it is our duty to interpret the statute in the light of its obvious purpose. \* \* \* The fundamental aim of construction is to ascertain and give effect to the intention of the legislature as expressed in the language used."

The relator relies on the rule which is often stated that statutory provisions exempting property from taxation are to be strictly construed and that deductions are allowable only when plainly authorized. We think that rule is subject to qualification here since it is the rule,

too well established to be ignored, that the primary consideration in the statutory construction is the intention of the legislature. The rule which relator contends for must bow to the latter if a statute has been interpreted in a manner which leads to an absurd result and could not have been contemplated by the legislature; such result is to be avoided if the language used will reasonably bear any other construction.[2]

■ That a surviving spouse has an absolute vested right at the date of the spouse's death to the fixtures, furniture, and household goods in the amount limited by statute has been clearly established repeatedly by our decisions and needs no further comment. No order of the probate court is necessary to protect a widow's right to the property specified. Section 525.39 of the probate code includes the words: "the court shall set apart such * * * personal property."

In In re Estate of McBride, 195 Minn. 319, 322, 263 N. W. 105, 106, the court definitely held that the personal property allowances to the spouse "vests absolutely upon the death of a husband or wife." It has been held that the appropriation and disposition of the property by a widow is a sufficient selection on her part and also that it is not subject to an inheritance tax.[3]

Section 181.58 provides that:

"If, at the time of the death of any person, his employer is indebted to him for work, labor, or services performed, and no executor or administrator of his estate has been appointed, such employer shall, upon the request of the surviving spouse, forthwith pay this indebtedness, in such an amount as may be due, not exceeding the sum of $1,000, to the surviving spouse. * * * Any amounts so received by a spouse shall be considered in diminution of the allowance to the spouse under section 525.15."

---

[2]See, 17 Dunnell, Dig. (3 ed.) § 8947, and cases cited.

[3]See, Sammons v. Higbie's Estate, 103 Minn. 448, 115 N. W. 265; Poupore v. Stone-Ordean-Wells Co. 132 Minn. 409, 157 N. W. 648; Rickert v. Wardell, 142 Minn. 96, 170 N. W. 915; State ex rel. Pettit v. Probate Court, 137 Minn. 238, 163 N. W. 285, L. R. A. 1917F, 436; In re Estate of Carey, 194 Minn. 127, 260 N. W. 320; Benjamin v. Laroche, 39 Minn. 334, 40 N. W. 156.

Clearly, this statute is another indication that no order of the probate court is necessary to the property specified in § 525.15.

The relator, however, contends that a formal order of the probate court is necessary before a deduction may be allowed of the widow's right to specified property under § 525.15, even though the widow's right is absolute and vested instantly upon death and she may make a selection and disposition on her own. The result of this application of the Inheritance Tax Law is that two beneficiaries receiving identical property would receive unequal inheritance tax treatment merely because in one case there has been a formal order of the probate court and in the other there has not. Such a result could not have been contemplated by the legislature when § 291.07 was enacted as a part of the Inheritance Tax Law, c. 291. We think the same conclusion applies in regard to deductions. Clearly the same conclusion applies in regard to deductions for the Federal estate tax and encumbrances against specific property. In both of these situations the probate court must allow the deduction. See, State ex rel. Smith v. Probate Court, 139 Minn. 210, 166 N. W. 125; State ex rel. Hilton v. Probate Court, 145 Minn. 155, 176 N. W. 493.

■ While courts have respect for and give weight to departmental construction of statutes, it is not controlling, and while administrative construction of statutes of doubtful meaning may be persuasive, it does not preclude a different construction by the courts. In re Estate of Abbott, 213 Minn. 289, 6 N. W. (2d) 466.

■ While the motives of a legislative body in enacting any particular legislation may not be a proper subject for judicial inquiry, yet this court may in determining legislative intent consider the legislative history of the act under consideration, the subject matter as a whole, the purpose of the legislation, and objects intended to be secured thereby; and where the construction of a statute is doubtful, this court may, in addition to considering the purpose of the act, consider events leading up to it, the history of its passage, and any modifications made during its course. If there is ambiguity the court must, in construing the language, look to the whole statute for such aid as it may afford, and it is elementary that, in solving such a question, the whole statute

must be considered. Should the statute be so ambiguous and obscure that it fails explicitly to convey the intention of the legislature, the statute may be judicially construed. See, Mattson v. Flynn, 216 Minn. 354, 13 N. W. (2d) 11; Underhill v. State, 208 Minn. 498, 294 N. W. 643; Mushel v. Schulz, 139 Minn. 234, 166 N. W. 179.[4] Certainly in seeking legislative intent this court may consider the consequences of a particular statutory interpretation. Bremer v. Commr. of Taxation, 246 Minn. 446, 75 N. W. (2d) 470.

■ Our statute provides for an appeal from the order of the tax commissioner to the Board of Tax Appeals. A decision of the commissioner comes there with prima facie validity and no more. If appellant appears, the case is tried de novo, which means that either party may introduce evidence, and the findings and decision of the board are thereafter based upon all the evidence placed before it. We have repeatedly laid down the rule that this court, in reviewing an order or determination of an administrative board, will go no further than to determine whether the evidence was such that it might reasonably make the determination in question. All questions of law and fact are to be considered by this court in the light of the rule that a decision of the Board of Tax Appeals will not be disturbed if it has any reasonable basis in law. This court has also made it clear that its review of a decision of the Board of Tax Appeals is limited to the grounds specified in § 271.10.[5]

---

[4]Reference to Ex. Sess. L. 1959, c. 83, § 3, approved July 2, 1959, clearly indicates legislative modification of § 291.07 by the addition thereto of subd. 2, which reads as follows:

"If no probate proceedings are had, then, in the case of joint tenancy property, there shall be allowed as deductions to a widow expenses of last sickness and funeral in the amount remaining unpaid at the death of decedent, providing such expenses are paid by the widow and are not claimed as a deduction for income tax purposes."

The order and decision of the Minnesota Board of Tax Appeals was entered August 14, 1958. It is fair to assume that the import of the findings by the Board of Tax Appeals in the instant case came to the attention of the legislature and that in adding subd. 2 it recognized the ambiguity of which the Board of Tax Appeals complained.

[5]See, Village of Aurora v. Commr. of Taxation, 217 Minn. 64, 14 N.

The interpretation of the Board of Tax Appeals is, therefore, the decision of an administrative body, pursuant to powers given to it by the statute creating it, to which a dissatisfied taxpayer may take his appeal if he disagrees with the order of the commissioner of taxation. A review of the findings and decision by the board may be had in this court only by application for a writ of certiorari.

The respondent has cited In re Lambrecht's Estate, 112 Wash. 645, 648, 192 P. 1018, 1020, decided by the supreme court of that state, not as controlling but as an aid to the interpretation of our inheritance tax statutes on the issues here involved. The Washington statute provided that debts shall not be deducted unless the same are allowed or established within the time provided by law, unless otherwise ordered by the judge or court of the proper county. There was in that case a compromise agreement between creditors and heirs. For this reason there were no probate proceedings. However, deductions for funeral expenses and expenses of last illness were allowed by the superior court. That court was affirmed, based upon the following reason (112 Wash. 649, 192 P. 1020):

"* * * it is true that the provisions of [the statute] * * * do, in terms, provide that the 'debts shall not be deducted unless allowed or established within the time provided by law'; *which, if read entirely apart from the other provisions of the section, might seem to suggest that such debts must be established in a formal probate proceeding* * * *." (Italics supplied.)

The court reached the conclusion that the words "unless otherwise ordered by the judge or court of the proper county" indicated formal proceedings were unnecessary.

The Supreme Court of Illinois in People v. Tatge, 267 Ill. 634,

W. (2d) 292; Stronge & Lightner Co. v. Commr. of Taxation, 228 Minn. 182, 36 N. W. (2d) 800; Duluth-Superior Dredging Co. v. Commr. of Taxation, 217 Minn. 346, 14 N. W. (2d) 439; State ex rel. Inter-State Iron Co. v. Armson, 166 Minn. 230, 207 N. W. 727; Miller v. Commr. of Taxation, 240 Minn. 18, 59 N. W. (2d) 925; Western Auto Supply Co. v. Commr. of Taxation, 245 Minn. 346, 71 N. W. (2d) 797; Oliver Iron Min. Co. v. Commr. of Taxation, 247 Minn. 6, 76 N. W. (2d) 107.

636, 108 N. E. 748, dealt with a situation where there were no probate proceedings. A deduction for inheritance tax purposes was claimed. The Illinois court allowed the deduction saying:

"* * * It is not material that the claim was not presented to and allowed by the probate court. If the claim was an actual indebtedness of the estate and the beneficiaries of the estate actually paid it, then the amount of the estate to which the beneficiaries actually succeeded was reduced [by] the amount paid."[6]

The Washington statute differs somewhat in language from our statute, § 291.07. The State of Illinois had no statute at the time the aforesaid opinion was rendered specifically allowing deductions. However, the aforesaid decisions indicate how other jurisdictions have resolved the problem regarding the necessity of probate proceedings.

The state cites In re Estate of Marshall, 179 Minn. 233, 228 N. W. 920, and In re Estate of Walker, 184 Minn. 164, 238 N. W. 58, in support of its contention that deductions must in all cases first be allowed by the probate court. There were probate proceedings in both of those cases and the property in question was subject to the jurisdiction of the probate court. Those cases are not determinative of the issues here.

The state also cites Estate of Siljan, 233 Wis. 54, 288 N. W. 775, as a case being directly in point in support of its contention that the clear purport of § 291.07 must be that funeral expenses, expenses of last illness, and allowances to a surviving spouse cannot be allowed as deductions without such items having been submitted to and allowed by the probate court having jurisdiction; that they are only deductible if properly filed and allowed by the probate court. The Wisconsin court disallowed the deductions, but in that case the beneficiaries had not paid the claims involved and the court reasoned that (233 Wis. 60, 288 N. W. 777) "What is taxed is the amount that the beneficiary receives." We do not have that situation here. Furthermore, the estate under the Minnesota Inheritance Tax Law is not taxed as such but the statute imposes a tax upon the succession and upon what in fact is received by the beneficiary.

---

[6]Also see, People v. Beckers, 413 Ill. 102, 105, 108 N. E. (2d) 5, 6.

In the instant case the respondent paid the funeral expenses and expenses of last illness out of the property she and her husband had set aside for those purposes out of an estate consisting of jointly owned property, an estate which the Inheritance Tax Law recognizes as a legal form of estate subject to a succession tax, a tax in fact imposed upon what the beneficiary receives.

The relator relies upon In re Jones' Estate, 99 Utah 373, 104 P. (2d) 210, and In re Estate of Beckman, 91 Ohio App. 42, 107 N. E. (2d) 538, in support of its contention that the deductible items here involved must first be allowed by the probate court. We view these cases as not persuasive for the reason that our statutory provisions are not the same as those of the states of Utah and Ohio, and since in both of those cases there were probate proceedings.

Several New York cases have been cited by relator in support of the views which he urges upon the court. These cases, however, largely involve an interpretation of what is known as the New York Estate Tax Law, which specifically provides that deductions are limited to the value of the property included in the estate which is subject to the claims of creditors. New York Tax Law, § 249-s. The factors involved in the New York decisions are quite immaterial to an interpretation of the distinctly different provisions in Minnesota.

In In re Estate of Bowlin, *supra*, a situation was presented where the assets of the estate had decreased in value during the administration and where the legatees contended that the decrease should be deducted as an expense of administration. The solution of that problem involved a construction of the Minnesota Inheritance Tax Law. The state argued for an assessment of the inheritance tax against the original value at date of death of the assets. This court allowed the deduction saying in part, as hereinbefore noted (189 Minn. 198, 248 N. W. 742):

"* * * Our inheritance tax is a tax upon the succession * * * a tax upon what in fact is received by the beneficiary."

No justification exists in the language of our state Inheritance Tax Law when construed as a whole for ignoring the fundamental principle that the inheritance tax is in this state a succession tax on the amount that is in fact received by the beneficiary.

It is our view that the legislature must have intended, as the Board of Tax Appeals found, that the class of deductions involved in the case at bar should be granted as allowable whether the gross estate consists solely of probate assets or nonprobate assets, or a mixture of the two. We therefore conclude that the findings and decision of the Board of Tax Appeals have a reasonable basis in the law and should not be disturbed.

Affirmed.