**TOWN AND COUNTRY HOMES, INC., et al., Respondents,**

v.

**COMMISSIONER OF TAXATION, Relator.**

No. 47888.

Supreme Court of Minnesota.

May 26, 1978.

8

Warren Spannaus, Atty. Gen., Thomas K. Overton, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for relator.

Peterson, Popovich, Knutson & Flynn, and Robert A. Hughes, St. Paul, for respondents.

Heard before TODD, SCOTT, and GODFREY, JJ., and considered and decided by the court en banc.

OTIS H. GODFREY, Jr., Justice.*

This matter is on appeal by the commissioner of taxation from a decision of the Tax Court of Appeals which held that sales tax credit on property repossessed under a conditional sales contract should be based upon the amount of debt which is uncollectible without regard to the value of the repossessed property. The Tax Court also found that property purchased for resale, but temporarily used for business purposes, is subject to a "use tax" under Minn.St. 297A.12, based upon its rental value. We affirm.

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

The facts are not in dispute. Town and Country Homes, Inc., and its successor, Future Homes, Inc., were in the business of selling new and used mobile home units. From July 1, 1968, through August 31, 1972, they repossessed 45 mobile homes sold on conditional sales contracts. A full sales tax had been collected at the time of the original sale, and unpaid contract balances remained on all of the repossessions. In determining the taxpayers' sales-and-use-tax liability on these repossessed items, Minn.St. 297A.26, subd. 2, allows a deduction for that "portion of such debt which became uncollectible."

Minn.St. 297A.26, subd. 2, provides as follows:

> "The taxpayer may offset against the taxes payable with respect to any reporting period the amount of taxes imposed by sections 297A.01 to 297A.44 previously paid as a result of any transaction the consideration for which became a debt owed to the taxpayer which became uncollectible during such reporting period, but only in proportion to the portion of such debt which became uncollectible."

The taxpayers and the commissioner disagree on what portion of the "debt" is "uncollectible" when collateral has been repossessed. The taxpayers contend, and the Tax Court held, that the uncollectible portion of a debt is determined without regard for the value of the property which is repossessed. Thus, the uncollectible portion of a debt is equal to the amount of the original debt, reduced by the payments received. The commissioner maintains that the debt should be further reduced by the value of any property which has been repossessed.

From October 1969 through October 1972, the corporations used 25 mobile-home units for sales offices and employee residences at various sales lots in Minnesota. The mobile homes nevertheless continued to be offered for sale.

Property purchased by a retailer for resale is normally exempt from sales and use taxes where an exemption certificate is given under Minn.St. 297A.09. However, where such property is used for any purpose other than resale, Minn.St. 297A.12 provides:

> "If a purchaser who gives an exemption certificate makes any use of the subject of the purchase other than for a purpose exempted by sections 297A.01 to 297A.44, such use shall be deemed a retail sale by the purchaser as of the time of first use by him, and the sales price to him shall be deemed the gross receipts from such retail sale. If the sole non-exempt use is rental while holding for sale, the purchaser shall include in his gross receipts the amount of the rental charged. Upon subsequent sale of such property, the seller shall include the entire amount of gross receipts received therefrom without deduction of amounts previously received as rentals."

Under this statute the commissioner assessed a use tax based upon the original cost to the taxpayer.

Two issues are presented for review:

(1) Where property has been repossessed under a conditional sales contract, must the value of the property be subtracted in determining the amount of credit for sales tax previously paid?

(2) What is the proper basis for a use tax on property purchased for resale, but temporarily used for business purposes?

■ 1. While Minn.St. 297A.26, subd. 2, is silent as to what is "uncollectible" with respect to repossessed property, other relevant statutory provisions require the interpretation that a full credit be allowed without regard to the value of the repossessed property. Minnesota imposes a 4-percent tax on the gross receipts from sales at retail. Minn.St. 297A.02. Gross receipts are defined as "the total amount received, in money or otherwise, for all sales at retail as measured by the sales price. * * *" Minn.St. 297A.01, subd. 9. Sale at retail is defined as "a sale for any purpose other than resale in the regular course of business. * * *" Minn.St. 297A.01, subd. 4. Sales price means "the total consideration valued in money, for a retail sale whether paid in money or otherwise, excluding

**10** ■

therefrom any amount allowed as credit for tangible personal property taken in trade for resale * * *." Minn.St. 297A.01, subd. 8.

In reviewing these statutory provisions, it is apparent that property purchased by retailers for resale and property taken in trade for resale are exempt from the sales tax. Under Minn.St. c. 297A, the taxpayer is given the option to collect and pay the tax as payments are received, or to collect the tax initially on the total amount, such as was done here by Town and Country Homes, Inc., and Future Homes, Inc. In the latter case, however, the taxpayer is entitled to a credit for the taxes previously paid when a portion of the debt owed becomes uncollectible without regard to the value of any property repossessed. Any other interpretation would be inconsistent and could well impose a double burden on a taxpayer who elects to report taxes on the accrual basis rather than on a cash basis.

■ 2. There is no dispute that the use by the taxpayer of mobile homes for offices and office-home combinations makes the property subject to the use tax pursuant to Minn.St. 297A.12. The Tax Court held that the use tax must be based upon the reasonable rental value while so used. The commissioner contends that the property should be subject to a tax based upon the wholesale cost of the units. Even if the use were as short as 1 day, by following that line of reasoning, the purchaser would be subject to a use tax for the full value of the property.

We do not believe that the legislature intended such an unfair and absurd result. From a reading of Minn.St. 297A.12, we conclude that a use tax may be imposed only on the reasonable rental value of the property. As stated in *Sevcik v. Commissioner of Taxation,* 257 Minn. 92, 103, 100 N.W.2d 678, 687 (1959):

"If there is ambiguity the court must, in construing the language, look to the whole statute for such aid as it may afford, and it is elementary that, in solving such a question, the whole statute must be considered."

Under the circumstances presented by this case, the decision of the Tax Court must be affirmed.

Affirmed.