**Terrance Lee GENIN, Appellant,**

v.

**1996 MERCURY MARQUIS, VIN # 2MEBP95F9CX644211 LICENSE NO. MN 225 NSG, Respondent.**

No. C7–99–1577.

Court of Appeals of Minnesota.

April 25, 2000.

Review Granted June 27, 2000.

Charles Alan Ramsay, Ramsay Law Firm, Roseville (for appellant).

Scott Michael Lepak, James Hoeft, Barna, Guzy & Steffen, Ltd., Coon Rapids (for respondent).

Considered and decided by RANDALL, Presiding Judge, AMUNDSON, Judge, and HUSPENI, Judge.

## OPINION

DORIS O. HUSPENI, Judge.*

This is an appeal from a district court order holding appellant Terrance Lee Genin responsible for all towing and storage expenses associated with the seizure of his vehicle. Because the seizing agency acquires all "right, title, and interest" in the vehicle under Minn.Stat. § 169.1217, subd. 3 (1998), appellant contends the City of Centerville is responsible for the towing and storage fees. Appellant also contends that: (1) requiring him to pay storage fees, which exceed the value of his vehicle, will lead to an unenforceable, absurd result, and (2) Minn.Stat. § 169.1217, subd. 4 (1998), clearly demonstrates the legislature's intent to make whole successful plaintiffs in a vehicle forfeiture proceedings. Because the statute provides a procedure that appellant could have invoked, but did not, to avoid towing and storage expenses while the vehicle forfeiture action was pending, we affirm.

## FACTS

On August 22, 1998, appellant was arrested for DWI and the Circle Pines–Lex-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

ington Police Department, which provides police services to the City of Centerville, seized his 1996[1] Mercury Marquis. Because appellant had been convicted of DWI and/or had his driver's license revoked for driving with an alcohol concentration of more than .10 in August 1997, he was charged with Count I: Driving with an Alcohol Concentration of Over .20, 2nd in Five Years; Count II: DWI, 2nd in Five Years; and Count III: Driving with an Alcohol Concentration of Over .10, 2nd in Five Years. While each offense is a gross misdemeanor, Count I was classified as an "enhanced" gross misdemeanor because it carried an increased penalty of two years in jail.

On March 11, 1999, the Minnesota Supreme Court declared enhanced gross-misdemeanor sentencing laws unconstitutional because they sanction conviction of crimes carrying two-year sentences without the benefit of a twelve-person jury trial as required by the Minnesota Constitution. *See Baker v. State,* 590 N.W.2d 636, 639–40 (Minn.1999) (holding that any crime punishable by imprisonment of more than one year is a felony requiring a 12–person jury trial). On March 15, 1999, appellant pleaded guilty to and was convicted of Count III, Driving with an Alcohol Concentration of Over .10, 2nd in Five Years. The state dismissed all other charges, including Count I, Driving with an Alcohol Concentration of Over .20, 2nd in Five Years, the only unconstitutional "enhanced" offense.

In Minnesota, the motor vehicle forfeiture statute in DWI cases is only fully applicable when the vehicle's owner is convicted of a "designated offense." *See* Minn.Stat. § 169.1217, subd. 1(c) (1998) (defining "designated offense"). While the offense described in Count I is a "des-

ignated offense," the offense to which appellant pleaded guilty is not. Therefore, appellant's conviction did not trigger the applicability of the forfeiture statute. On July 14, 1999, the district court rescinded the forfeiture of appellant's vehicle.

The district court's order did not address the issue of responsibility for towing and storage expenses associated with the seizure of the appellant's vehicle, however. When appellant went to retrieve his vehicle, he was informed that he owed storage fees in excess of $5,500.[2] In response to the demand for payment, appellant requested that the district court order the City of Centerville to pay the accrued storage fees. On August 20, 1999, the district court found appellant responsible for the towing and storage fees associated with the seizure of his vehicle. This appeal followed.

## ISSUE

Did the district court err in interpreting Minn.Stat. § 169.1217 (1998) to require appellant to pay the towing and storage expenses associated with the seizure of his 1996 Mercury Marquis?

## ANALYSIS

 Appellant contends Minn.Stat. § 169.1217 (1998) does not require that he bear the responsibility for all costs associated with storage[3] of his vehicle while the forfeiture action was pending in district court. Statutory construction and interpretation raises a question of law subject to de novo review. *Sorenson v. St. Paul Ramsey Med. Ctr.,* 457 N.W.2d 188, 190 (Minn.1990). A reviewing court is not required to give deference to a trial court's decision on a purely legal issue. *Frost–*

1. There is some question on the model year of appellant's vehicle. Respondent describes it as 1986.

2. The Circle Pines–Lexington police department contracts with Auto–Medics Service for towing and storage of vehicles seized under the forfeiture statute. The Mercury remained

with Auto–Medics until June 25, 1999, at which time towing and storage fees totaled more than $5,500.

3. Appellant conceded at oral argument that he is responsible for towing charges and those charges are not in issue on appeal.

*Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

## A. City's Possession and "Ownership"

■ Because the seizing agency acquires "right, title and interest" in the seized vehicle, appellant contends the city[4] bears the responsibility for paying the storage fees. *See* Minn.Stat. § 169.1217, subd. 3. The district court found that although the city owned the vehicle pending the resolution of the foreclosure proceedings, the bonding provision in the foreclosure statute demonstrates the legislature's clear intention to impose the responsibility for towing and storage fees on the vehicle's original owner.

> Minn.Stat. § 169.1217, subd. 4, states:
> If the owner of a vehicle that has been seized under this section seeks possession of the vehicle before the forfeiture action is determined, the owner may, subject to the approval of the appropriate agency, give security or post bond * * * in an amount equal to the retail value of the seized vehicle. On posting the security or bond, the seized vehicle may be returned to the owner only if a disabling device is attached to the vehicle. The forfeiture action shall proceed against the security as if it were the seized vehicle.

The district court explained that the bonding provision was intended to allow seized-vehicle owners to regain possession of their vehicle, albeit in a disabled state, to avoid storage fees likely to accrue while the forfeiture action is pending. We agree with the analysis of the district court.

■ Under the bonding provision of the forfeiture statute, appellant was entitled to give security or post a bond to regain possession of his vehicle at any time after its seizure. By doing so, he would have avoided the accrual of storage fees while the foreclosure action was pending. But appellant did not do so.

It is clear that the City of Centerville acquired "ownership" at the time of the seizure of the vehicle. *See* Minn.Stat. § 169.1217, subd. 3 (stating that seizing agency acquires all "right, title, and interest"). We find no merit, however, in appellant's claim that the city, as the "owner" of the vehicle, bears the responsibility for paying storage fees during the forfeiture proceedings. We conclude instead that the bonding provision, although not specifically addressing storage fees, provides an avenue for one in appellant's position to regain possession of the vehicle while the forfeiture action is pending. While the vehicle in its disabled condition might have been of little practical use to appellant, his possession of it under the bonding provision would have assured that storage fees would not have continued to accrue.

We conclude that the legislature contemplated the situation faced by appellant while he awaited final determination of the forfeiture action. Appellant's failure to proceed under the bonding provision does not shift to the city the responsibility to pay the storage fees.

## B. Absurd Result

■ Appellant next argues that it is absurd to hold him responsible for the storage fees because those fees exceed the value of his vehicle. The district court rejected this argument because the "bonding provision prevents an absurd result" by

> allow[ing] the vehicle owner to get possession of the vehicle * * * and move it to another location so as to avoid accumulation of any storage fees. Appellant did not take advantage of the opportunity to avoid storage fees under the bonding provision.

Relying on *Sevcik v. Commissioner of Taxation,* 257 Minn. 92, 100 N.W.2d 678 (1959), appellant argues that the Minnesota Supreme Court will avoid an interpreta-

---

4. Although appellant suggests the City of Circle Pines was the seizing agency, the Circle

Pines–Lexington Police Department provides police services to the City of Centerville.

tion of a statute that will lead to an absurd result if the statutory language will reasonably bear another construction. We cannot find another construction. It is unfortunate that appellant's inaction resulted in storage fees that exceeded the value of his vehicle. Again, however, the statute details a procedure to avoid such costs. Appellant cannot complain that his inaction led to an unenforceable, absurd result.

## C. Legislative Intent to Make Successful Plaintiffs Whole

■ Finally, appellant contends that the legislature, in enacting Minn.Stat. § 169.1217, subd. 7a(g), intended to make the vehicle owner whole for any and all expenses associated with an improper vehicle forfeiture. We cannot agree. Subdivision 7a(g) reads in relevant part:

> If a demand for judicial determination of an administrative forfeiture is filed * * * and the court orders the return of the seized vehicle, the court shall order that filing fees be reimbursed to the person who filed the demand. In addition, the court may order the payment of reasonable costs, expenses, and attorney fees under section 549.21, subdivision 2.

Under the statute, the court must order reimbursement of the filing fee in the event the seized vehicle is returned to its owner. In addition, the court, in its discretion, may order reasonable costs, expenses, and attorney fees.

■ Appellant's contention that the statutory language is broad enough to include payment of storage fees is without merit. Where the words of law are clear and unambiguous, the court should not disregard the letter of the law under the pretext of pursuing its spirit. *See* Minn. Stat. § 645.16 (1998); *Tuma v. Commissioner of Econ. Sec.*, 386 N.W.2d 702, 706 (Minn.1986) (explaining that courts must

give effect to the plain meaning of a statute's unambiguous language). Courts are prohibited from adding words to a statute or reading into a statute what was either intentionally or inadvertently omitted by the legislature. *Tracy State Bank v. Tracy–Garvin Co-op.*, 573 N.W.2d 393, 395 (Minn.App.1998); *see also Phelps v. Commonwealth Land Title Ins.*, 537 N.W.2d 271, 274 (Minn.1995) (prohibiting statutory construction where legislative intent is manifested in plain unambiguous language). Here, the language of Minn.Stat. § 169.1217, subd. 7a(g), is clear and unambiguous. The legislature could have addressed the payment of storage expenses, but it did not. We cannot extend statutory relief to include reimbursement for or payment of such expenses.

Although the district court correctly interpreted Minn.Stat. § 169.1217, we are not insensitive to the unfortunate result visited upon appellant by that interpretation. The questions that appellant has raised, however, are questions more appropriately addressed to the legislature than to the courts.[5]

## DECISION

The district court properly interpreted the language of Minn.Stat. § 169.1217 (1998) to require appellant to pay the storage expenses associated with the seizure of his Mercury Marquis.

**Affirmed.**

---

**5.** We leave for another day the import of the language in Minn.Stat. § 169.1217, subd. 4, requiring agency approval before security may be given and bond posted by the owner, and what effect an agency's refusal may have upon responsibility for payment of storage fees.