BRIGGS & STRATTON CORPORATION, Respondent, vs. DEPART-
MENT OF TAXATION, Appellant. [Two cases.]

*December 4, 1945—January 8, 1946.*

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Olwell & Brady,* attorneys, and *Bernard V. Brady* and *James N. Johnson,* of counsel, all of Milwaukee, and oral argument by *Mr. Johnson.*

ROSENBERRY, C. J.    The parties agree that the question for decision is as follows: Is the income received by the taxpayer corporation from its intangibles, securities which were physically located in Wisconsin all during the period involved, subject to taxation in Wisconsin under the applicable statutes? The Wisconsin Department of Taxation, hereinafter referred to as the "department," assessed the income.    The board of tax appeals set aside the assessment.    The circuit court affirmed the decision of the board of tax appeals.

The material facts may be stated as follows: The respondent is a Delaware corporation and was licensed to transact business in the state of Wisconsin in 1924.    It owns and operates two manufacturing plants in the city of Milwaukee and is not engaged in manufacturing elsewhere.    Its principal offices are in the city of Milwaukee.    It maintains a statutory office in the state of its incorporation and is licensed to do business in Michigan, where it has a sales office in charge of a resident manager.    The corporation reports and pays its income tax in Wisconsin upon an apportionment basis, forty per cent of its sales are treated as if made through or by offices, agencies, or branches located in Wisconsin.    The tangible property of the corporation during the period under review was computed as being ninety-nine per cent plus within Wisconsin.    The cost of manufacturing was computed as

being entirely within Wisconsin. There is no controversy over these items which are the determinative ratios for the fraction or basic ratio to be applied to the apportionable income of the corporation during this same period.

The controversy relates to the income of the taxpayer which is nonapportionable. Specifically, it is whether the income from securities, which by the provisions of sec. 71.02 (3) (c), Stats., expressly is nonapportionable income, is to be attributed to Wisconsin where the corporation has its principal business or to the state of Delaware under the laws of which it was incorporated and where its statutory office is located.

The taxpayer corporation had on hand funds resulting from the conduct of its principal business. It authorized a committee of its board of directors to purchase securities from these funds, which thereafter were held in the taxpayer corporation's name. These securities were at all times involved kept in the state of Wisconsin in a safe-deposit box in the First National Bank of Milwaukee, to which only corporate officers had access. The income from these securities, whether dividends, interest, or capital gains, was credited to the general surplus account of the corporation. All the books and records of the taxpayer corporation were kept in Milwaukee, where the dividends and interest were received by the taxpayer. The corporation maintains a bank account in Wilmington, Delaware, from which funds are transferred for the purpose of paying dividends.

It is the contention of the taxpayer that it is not a resident of Wisconsin and that the last sentence of sec. 71.02 (3) (c), Stats., which provides:

"All other income, including royalties from patents, income derived from personal services, professions and vocations and from land contracts, mortgages, stocks, bonds and securities or from the sale of similar intangible personal property, shall follow the residence of the recipient, except as provided in section 71.095,"—

governs and the income is taxable in Delaware, the state of its domicile.

It is the contention of the department that the income derived from the securities is taxable under the provisions of sec. 71.02 (3) (e), Stats., which provides:

"A foreign corporation whose principal business is carried on or transacted in Wisconsin shall be deemed a resident of this state for income tax purposes, and its income shall be determined and assessed as if it were incorporated under the laws of Wisconsin, notwithstanding its domicile is elsewhere."

In *Newport Co. v. Tax Comm.* (1935) 219 Wis. 293, 261 N. W. 884, sec. 71.02 (3) (e), Stats., was held invalid as an attempt to reach property of a foreign corporation which was beyond the taxing jurisdiction of this state (p. 309 *et seq.*). In the oral argument it was conceded that unless the *Newport Co. Case* be overruled, the judgment appealed from must be affirmed. It is very earnestly argued by the department that the court was in error in holding as it did in the *Newport Co. Case* and that the whole matter should now be considered and the *Newport Co. Case* overruled.

All of the matters advanced in this case for our consideration were before the court in the *Newport Co. Case, supra.* We see no reason for departing from the doctrine of that case.

The *Newport Co. Case, supra,* was decided in 1935. Ch. 412, Laws of 1939, was an act providing for a reorganization of the tax commission, the creation of the Wisconsin board of tax appeals and the department of taxation and defining the functions, powers, and duties of said board and department. By that chapter, sec. 73.015 (6), Stats., was created. This subsection provided for appeals in tax matters from the circuit court to the supreme court. The last clause of the subsection is as follows:

"If the circuit court construes a statute adversely to the contention of the tax commission, the commission shall be

deemed to acquiesce in the construction so adopted unless an appeal to the supreme court is taken, and the construction so acquiesced in shall thereafter be followed by the commission."

It is not necessary for us to determine in this case the precise legal effect of this provision. The legislature was well aware that after this court has construed a statute the failure of the legislature to amend the statute amounts to an acceptance by the legislature of the statute with the court's construction incorporated. *Milwaukee County v. City of Milwaukee* (1933) 210 Wis. 336, 246 N. W. 447; *State v. Hackbarth* (1938) 228 Wis. 108, 279 N. W. 687; *Estate of Siljan* (1939) 233 Wis. 54, 288 N. W. 775.

Sec. 71.02 (3) (e), Stats. 1935, remained unchanged although the legislature has been in biennial session five times. In an action brought by the Aluminum Goods Mfg. Co. v. Wisconsin Tax Commission, involving the tax of 1933, the circuit court followed the decision of this court in the *Newport Co. Case, supra,* and set aside the additional assessment. From the judgment of the circuit court the department took no appeal. The failure of the legislature to amend sec. 71.02 (3) (e), and its admonition to the department to adhere to the decision of the circuit court where no appeal is taken, shows quite conclusively a full acceptance by the legislature of the statute as interpreted by this court. The acceptance by the legislature of the statute as construed disposes of any questions of public policy that may be involved. In view of the acceptance by the legislature of the construction given the statute by this court, any change in the law or in its interpretation in the respect considered is certainly a matter for the consideration of the legislature.

*By the Court.*—Judgments affirmed.