DEPARTMENT OF REVENUE, Petitioner-Respondent,

v.

JOHNSON WELDING & MANUFACTURING COMPANY, INC.,
a/k/a Johnson Truck Bodies, Respondent-Appellant.

Court of Appeals

*No. 99–2429. Submitted on briefs March 3, 2000.—Decided
July 13, 2000.*

## 2000 WI App 179

(Also reported in 617 N.W.2d 193.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Steven R. Duback* and *Patricia A. Hintz* of *Quarles & Brady LLP,* Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Peter C. Anderson,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Dykman, P.J., Eich and Deininger, JJ.

¶ 1.   DEININGER, J.   Johnson Welding & Manufacturing Company, Inc., appeals a circuit court order which reversed a decision of the Tax Appeals Commis-

sion. The commission concluded that the sale by Johnson to a Minnesota corporation of certain truck bodies was exempt from Wisconsin sales tax under WIS. STAT. § 77.54(5)(a) (1997–98).[1] For the reasons which follow, we conclude that the commission correctly determined that the sale was exempt from sales tax, and accordingly, we reverse the appealed order.

## BACKGROUND

¶ 2.  WISCONSIN STAT. § 77.54(5) provides, in relevant part, as follows: "The gross receipts from the sale of . . . truck bodies *sold to persons who are not residents of this state* and who will not use such . . . trucks for which the truck bodies were made in this state otherwise than in the removal of such . . . trucks from this state [are exempted from the taxes imposed by this subchapter]" (emphasis added). *See* § 77.54(5)(a). The dispute in this case is over the meaning of the emphasized phrase, when the purchaser of truck bodies is a corporation which does a significant volume of business in Wisconsin but is incorporated elsewhere. The Tax Appeals Commission found the following facts, which are largely undisputed:

1.  [Johnson]'s principal place of business is located in Rice Lake, Wisconsin. It has been engaged in the business of manufacturing and selling truck bodies in Rice Lake since 1931.
2.  All of the truck bodies involved in this case were manufactured by [Johnson] in Rice Lake, sold to Schwan's Sales Enterprises, Inc. ("Schwan's") . . . and delivered to Schwan's representatives at [Johnson]'s Rice Lake plant. Schwan's is [Johnson]'s largest customer and has been for many years.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

3. Schwan's is a corporation organized and existing under the laws of the State of Minnesota. It was incorporated under the laws of Minnesota on April 7, 1964, and has been continuously in existence and incorporated under the laws of Minnesota since that date. Its corporate headquarters are, and at all times during its existence has been, in Marshall, Minnesota. The address of its corporate headquarters is 115 West College Drive, Marshall, Minnesota 56258–1796.

4. Schwan's does business in all 50 states of the United States.

5. [For the three years immediately preceding its purchase of the truck bodies, Schwan's made approximately 3.75% of its total sales in Wisconsin, maintained approximately 2.5% of its fixed assets here, and paid about 3.2% of its payroll to Wisconsin-based employees. During this time, Schwan's had higher sales and payroll in only six or seven states, and a larger fixed asset value in eight or nine. In each year, Schwan's Wisconsin sales totaled some $70 million, its Wisconsin payroll was about $14 million, and its fixed asset value in this state averaged over $17.5 million. The total number of Schwan's employees in Wisconsin ranged from 822 to 907 for the years in question.]

6. Schwan's has permanent places of business at 19 locations throughout Wisconsin.

7. . . . Schwan's purchased a total of 28 truck bodies from [Johnson]. Three of these truck bodies were installed on trucks assigned by Schwan's to Schwan's depots located in Wisconsin. The other 25 truck bodies were installed on trucks assigned by Schwan's to Schwan's depots located in Indiana, Washington, Iowa, Missouri, Illinois, Minnesota, Michigan, Ohio, Pennsylvania, New Mexico, Tennessee, New York, and Arizona. These 25 trucks have not been and will not be used by Schwan's in

Wisconsin otherwise than in removing them from [Johnson]'s plant in Rice Lake, Wisconsin, at the time of Schwan's taking initial delivery of the truck bodies which petitioner had installed on their chassis. When initial delivery was taken, the 25 trucks were all picked up and directly removed from [Johnson]'s Rice Lake plant by a Schwan's driver to Schwan's principal place of business in Marshall, Minnesota, after which they were assigned to the various non-Wisconsin locations described above.

8. [Johnson] charged Schwan's and collected 5.5% Wisconsin state and county sales tax on all 28 truck bodies it sold to Schwan's . . . and it remitted such tax to [the Department of Revenue].

9. Based on information furnished to [Johnson] by Schwan's that 25 of the 28 truck bodies were—after initial removal from Rice Lake to Schwan's locations in Marshall, Minnesota—assigned by Schwan's to be used at depots located outside Wisconsin, [Johnson] prepared and filed with [the department] a claim for refund seeking recovery of the . . . Wisconsin sales tax it had charged and collected from Schwan's with respect to the 25 non-Wisconsin destination truck bodies.

10. [Johnson]'s claim for refund was filed . . . in the form of an amended sales and use tax return . . . . The claim for refund was for a total of $28,806.26 of Wisconsin sales tax [Johnson] had collected and paid to [the department], measured by the aggregate of $523,748 in sales prices paid for the 25 non-Wisconsin destination truck bodies described in ¶ 7., above.

11. [Johnson]'s basis for seeking recovery of the sales tax was and is that the sales of the 25 non-Wisconsin destination truck bodies to Schwan's are exempt under § 77.54(5)(a), Wis. Stats., because they were sales made to a person who is not a resident of Wisconsin and who will not use the trucks

for which the truck bodies were made otherwise than in their removal from Wisconsin.

12. [The department] denied [Johnson]'s refund claim . . . .

13. . . . [Johnson] filed with [the department] a petition for redetermination objecting to the denial of its refund claim.

14. . . . [The department] denied [Johnson]'s petition for redetermination.

¶ 3. Johnson appealed the department's denial of its claim for a sales tax refund to the commission, which reversed the department's action. The commission noted that the term "resident" for purposes of the sales tax exemption in question is not defined by either statute or administrative rule, and "there have been no Wisconsin court cases interpreting the word 'resident' as applied to a corporation for sales and use tax purposes." However, the commission reasoned that "because Wisconsin courts . . . interpreting other Wisconsin taxation statutes, have consistently found a corporation's residence to be its state of incorporation," and because "there is no language in Chapter 77 or anywhere in our case law even *implying* a different definition for sales tax purposes," the legislature presumably intended the same definition to apply in WIS. STAT. § 77.54(5)(a).

¶ 4. On the department's petition for review of the commission's decision, the circuit court concluded that, although the commission's interpretation was reasonable, "it is *more* reasonable to determine residency for purposes of sales tax exemptions under § 77.54(5)(a) based on the nature and extent of business activities in Wisconsin. . . ." The court therefore reversed the commission's determination, and Johnson appeals the circuit court's action.

## ANALYSIS

¶ 5.   As the commission acknowledged in its decision, statutes granting tax exemptions are "matters of legislative grace," and a taxpayer who claims an exemption must establish that the property or transaction at issue is clearly within its terms, with all doubts being resolved in favor of taxability. *See Department of Revenue v. Greiling,* 112 Wis. 2d 602, 605, 334 N.W.2d 118 (1983). "However, the interpretation of an exemption need not be unreasonable or the narrowest possible." *Id.*

¶ 6.   Our role is to determine whether the commission erred in concluding that Johnson established that its sale of truck bodies to Schwan's was clearly within the terms of the exemption from sales tax granted under WIS. STAT. § 77.54(5)(a). We review the commission's determination directly, not the circuit court's decision to reverse it, and we owe no deference to the circuit court's analysis on this question of statutory interpretation. *See Citizens' Util. Bd. v. Public Serv. Comm'n,* 211 Wis. 2d 537, 543–44, 565 N.W.2d 554 (Ct. App. 1997). Whether we should defer to the commission's interpretation of the term "resident" in § 77.54(5)(a), however, and if so, to what extent, are matters in dispute between the parties.

¶ 7.   The supreme court has described the hierarchy of deference under which a court is to review an administrative agency's statutory interpretation as follows:

> First, if the administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application

of the [law], the agency determination is entitled to "great weight." The second level of review provides that if the agency decision is "very nearly" one of first impression it is entitled to "due weight" or "great bearing." The lowest level of review, the de novo standard, is applied where it is clear from the lack of agency precedent that the case is one of first impression for the agency and the agency lacks special expertise or experience in determining the question presented.

*Jicha v. DILHR*, 169 Wis. 2d 284, 290–91, 485 N.W.2d 256 (1992) (citations omitted). The department, not surprisingly, urges us to review the commission's interpretation de novo, while Johnson argues that we must give it "due weight." We agree with Johnson that the commission's interpretation of corporate residency for purposes of the sales tax exemption under review is entitled to due weight deference from this court.

¶ 8. We explained in *Zignego Co., Inc. v. DOR*, 211 Wis. 2d 819, 823–24, 565 N.W.2d 590 (Ct. App. 1997), that we will give due weight deference to the commission's interpretation of a statute if it "has some experience in an area, but has not developed the expertise that necessarily places it in a better position to make judgments regarding the interpretation of the statute than a court" (citing *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 286–87, 548 N.W.2d 57 (1996)). Our decision to accord due weight deference rests largely on our recognition that the legislature has charged the commission with interpreting and enforcing the taxation statutes,[2]

---

[2] *See* WIS. STAT. § 73.01(4)(a) ("Subject to the provisions for judicial review . . . the commission shall be the final authority for the hearing and determination of all questions of law and fact arising under" appeals of the department's tax determina-

and on the fact that the commission has "had at least one opportunity to analyze the issue and formulate a position. . . ." *See UFE Inc.*, 201 Wis. 2d at 286.

¶ 9.   The commission has previously considered whether a corporation is a resident of Wisconsin for purposes of exemption from the state's sales tax under WIS. STAT. § 77.54(5)(a). *See K-C Aviation, Inc. v. DOR*, 91–S–177, 1994 WL 182752 (Wis. Tax App. Comm'n May 9, 1994). At issue was whether the refurbishing by a Wisconsin company of aircraft owned by certain corporations qualified for the exemption as "aircraft . . . sold to persons who are not residents of this state," which parallels the exemption for truck bodies under § 77.54(5)(a). The commission concluded that the department erred in deeming the purchaser-corporations Wisconsin residents solely because they did "business in this state as evidenced by . . . holding a Wisconsin Seller's Permit and/or filing of Wisconsin tax returns." *Id.* at *2. The commission also concluded that the record before it "contains no facts which would bring the questioned corporations within the ambit" of precedents from other states which had found residency for sales tax purposes based on the existence of significant business volume within their states. *Id.* at *4. It thus left open the question of whether any of the purchaser-corporations "may be a Wisconsin resident within the meaning of § 77.54(5)(a), depending on the nature and extent of [its offices, employees and sales in Wisconsin]." *Id.* at *3.

¶ 10.   Because of the commission's second conclusion in *K-C Aviation*, the department argues that we should not accord any deference to the commission's present interpretation. The department notes, cor-

tions.); *see also* WIS. STAT. § 77.59(6)(b) and *Zignego Co., Inc. v. DOR*, 211 Wis. 2d 819, 826, 565 N.W.2d 590 (Ct. App. 1997).

rectly, that de novo judicial review of the commission's interpretation of a statute is appropriate if its "position on the issue has been so inconsistent so as to provide no real guidance." *See Madison Newspapers, Inc. v. DOR*, 228 Wis. 2d 745, 759, 599 N.W.2d 51 (Ct. App. 1999). We disagree, however, that this has occurred with respect to the present issue.

¶ 11. As we have noted, the commission in its *K-C Aviation* decision left open the question of whether a corporation domiciled in another state, but which does significant business in Wisconsin, may be deemed a resident of this state for sales tax questions. It returned to the question in its present ruling, with a record before it establishing that the purchaser in this case, Schwan's, did indeed have a significant volume of sales and business activity in Wisconsin. In its present ruling, the commission noted its earlier discussion of the issue, but declared it "unsupported dictum" because "no specific facts" had been before it on which the issue might have been addressed. It then reconciled its holding and discussion in *K-C Aviation* with its present conclusions:

> We then [in *K-C Aviation*] unequivocally found, as we do here, that in the absence of specific statutory authority, the [department]'s denial of non-residency under WIS. STAT. § 77.54(5)(a) was improper. In the case before us, the determining factor in our conclusion that a foreign corporation is a non-resident for purposes of § 77.54(5)(a) is that no provision exists in Chapter 77 which would include petitioner, a Minnesota corporation, as a Wisconsin "resident" for sales tax purposes.

¶ 12. We conclude that the commission's present interpretation of the words "residents of this state," as

used in WIS. STAT. § 77.54(5)(a), in no way contradicts its principal ruling in *K-C Aviation* that a foreign corporation does *not* become a "resident" for sales tax purposes "solely by reason of its doing business in this state." Because the necessary facts and legal arguments were first squarely presented in the present appeal, the commission's present ruling addresses and resolves the issue it deferred in its prior decision. We thus do not view the commission's present decision as being inconsistent with its ruling in *K-C Aviation*, and the commission has provided "real guidance" on the issue in its present decision.

■■

¶ 13. Thus, in view of the commission's statutory mandate to rule on issues of Wisconsin tax law, and its experience, albeit limited, in addressing the present issue, we accord its interpretation of WIS. STAT. § 77.54(5)(a) due weight deference.[3] Accordingly, we will uphold its interpretation, so long as it is reasonable and comports with the purpose of the statute, and provided that a "more reasonable interpretation" is not available. *See Madison Newspapers, Inc.*, 228 Wis. 2d at 758–59.

¶ 14. Neither WIS. STAT. ch. 77 nor any department rule defines the term "residents of this state" as used in WIS. STAT. § 77.54(5)(a). Johnson asserts, and the commission concluded, that the term, when applied

---

[3] We note that the commission (or its predecessor, the Wisconsin Board of Tax Appeals) also has experience in addressing the issue of a corporation's residence for purposes of Wisconsin's income tax, and that it has concluded that a corporation's "residence" in that context is also its state of incorporation. *See Franan Enter., Inc. v. Wisconsin Dep't of Taxation*, 5 WBTA 80 (1962); *see also Briggs & Stratton Corp. v. Department of Taxation*, 248 Wis. 160, 21 N.W.2d 441 (1946).

to a corporation, means a corporation domiciled in Wisconsin, that is, one that is incorporated under the laws of this state. In support, each cites the Wisconsin Supreme Court's similar conclusion regarding corporate residence for purposes of taxing unapportioned income. *See Briggs & Stratton Corp. v. Department of Taxation,* 248 Wis. 160, 21 N.W.2d 441 (1946). The department argues, and the circuit court concluded, that a corporation's residence for the purposes of this sales tax exemption should turn on "the nature and extent of [its] business activities in Wisconsin." In support of this interpretation, the department points to a decision of the California Court of Appeals construing a virtually identical exemption from the California sales tax. *See Garrett Corp. v. State Bd. of Equalization,* 189 Cal. App. 2d 504, 510–11 (Cal. Ct. App. 1961) (concluding that "to adopt the view that the [purchaser-corporations] did not have a factual abode in this state . . . would be simply unrealistic in light of the uncontradicted facts. Both companies . . . had places of business in California staffed by numerous employees and grossing millions of dollars during the years in question").

¶ 15.    We conclude that the disputed term is thus ambiguous, in that the legislature has not defined it and reasonably well-informed persons could (and do) differ on its proper meaning. *See UFE Inc.,* 201 Wis. 2d at 283. Accordingly, under our "due weight deference" standard of review, we will accept the commission's interpretation resolving the ambiguity, unless we are convinced that the department's proffered alternative is more reasonable. *See id.* at 288. We are not so convinced.

¶ 16. First, we agree with the commission that the legislature, when it enacted the exemption in 1961,[4] was presumedly aware of the supreme court's earlier holdings that, for income tax purposes, a corporation's residence is determined by its state of incorporation. *Cf. State v. Johnson,* 207 Wis. 2d 239, 246, 558 N.W.2d 375 (1997) (concluding that courts may presume the legislature is aware of prior judicial interpretations of statutes). The department, in attempting to refute the commission's reasoning in this regard, and Johnson's argument to the same effect, asserts that the legislature should not be presumed to have intended that the supreme court's interpretation of corporate residence for income tax purposes would also apply to its newly enacted sales tax statute. Rather, it argues that it is more reasonable to conclude that the Wisconsin legislature intended to import the California definition of corporate residence, as set forth in the previously cited *Garrett* decision, because of the similarity of the language employed in the Wisconsin and California statutes. We reject this argument. It is no more reasonable to assume that the legislature intended to import a freshly-minted judicial construction of a statute from a distant state, than it is to presume the legislature's awareness of the Wisconsin Supreme Court's consistent construction over a twenty-year period of an analogous term in our own tax statutes.

¶ 17. We also agree with Johnson that it is not more reasonable to adopt the department's proposed "facts and circumstances" test for corporate residence under Wis. Stat. § 77.54(5)(a) than to opt for the "bright

---

[4] The commission stated in its decision that the language at issue was first enacted in 1961, and both parties make similar assertions in their arguments to this court.

line" rule enunciated in the commission's ruling. The circuit court endorsed the department's interpretation that "whether Schwan's is a resident of Wisconsin within the meaning of § 77.54(5)(a) . . . depends on the nature and extent of Schwan's business activities in Wisconsin." After reviewing the commission's findings with respect to Schwan's business activities, the court concluded that those activities were "such that Schwan's is a resident," and that its purchase of truck bodies from Johnson was thus not exempt under the statute. The trial court, however, did not indicate in its decision how much business activity in Wisconsin was enough to declare a foreign corporation a state resident for purposes of the sales tax exemption statute.

¶ 18. Johnson points out that during these proceedings, the department has variously articulated tests that would deem a corporation to be a resident if it has a "substantial business presence in Wisconsin," a "permanent business presence," and finally a "substantial, permanent presence in Wisconsin." The department, however, like the circuit court, avoids discussing how much business activity in Wisconsin might be required for a corporation's "business presence" to be "substantial," or "permanent," or both. The department concedes that "[s]ome line-drawing could be necessary" under its proffered interpretation, but claims that it would be "not so much as to render unworkable a standard other than place of incorporation." Although we recognize that "[i]n taxation, absolute certainty cannot be had or expected," *see United States Plywood Corp. v. City of Algoma*, 2 Wis. 2d 567, 581, 87 N.W.2d 481 (1958), *aff'd sub nom. Youngstown Sheet & Tube Co. v. Bowers*, 358 U.S. 534 (1959), we cannot conclude that it is more reasonable to define a corporation's residency for sales tax purposes

as being dependent upon varying facts and circumstances, than it is to define the term in a way that is easily ascertainable by taxpayers and the department's auditors alike.

## CONCLUSION

■

¶ 19.   Because the commission's interpretation is reasonable, and we have not been presented with an interpretation that is more reasonable, we reverse the appealed order and direct that, on remand to the circuit court, an order be entered affirming the commission's decision and order.

*By the Court.*—Order reversed and cause remanded.

¶ 20.   DYKMAN, P.J. *(dissenting).* For the three years preceding January 1997, Schwan's Wisconsin employees numbered between 822 and 907. Its Wisconsin payroll was between $13.4 million and $14.2 million, and its Wisconsin sales were between $66.6 million and $74.2 million. The value of Schwan's Wisconsin property was between $16.9 million and $18.5 million. While these figures might not place Schwan's on the list of the top ten Wisconsin corporations, it is not possible to describe Schwan's presence in Wisconsin as insignificant.

¶ 21.   The applicable tax rule is well established by a substantial line of cases. "[T]ax exemption statutes 'are to be strictly construed against the granting of the same, and the one who claims an exemption must point to an express provision granting such exemption by language which clearly specif[ies] the same, and thus bring himself clearly within the terms thereof.' "

*Madison Newspapers, Inc. v. DOR*, 228 Wis. 2d 745, 760, 599 N.W.2d 51 (Ct. App. 1999) (quoting *La Crosse Queen, Inc. v. DOR*, 208 Wis. 2d 439, 446, 561 N.W.2d 686 (1997)); *see also Ramrod, Inc. v. DOR*, 64 Wis. 2d 499, 504, 219 N.W.2d 604 (1974). "Any doubts or ambiguities as to whether the exemption applies are to be resolved in favor of taxation and against the person claiming the exemption." Madison Newspapers, 228 Wis. 2d at 760.

¶ 22. The majority concludes that the phrase "residents of this state" in WIS. STAT. § 77.54(5) is ambiguous, in that it might mean a corporation's state of incorporation, or it might mean a state where a corporation does significant business. I agree. Where the majority and I differ is the conclusion to be drawn from this observation. The majority concludes that since either of two definitions of "residents of this state" is reasonable, it will accept the definition chosen by the Tax Appeals Commission.

¶ 23. I conclude that courts and commissions alike are bound by published appellate court decisions, including *Madison Newspapers*, and the cases upon which *Madison Newspapers* relies. The majority cannot follow the *Madison Newspapers* rule requiring "language which clearly specif[ies] the [exemption]," 228 Wis. 2d at 760, and at the same time find in favor of Johnson where the exemption is ambiguous. The Tax Appeals Commission, the circuit court, and this court must apply the rule that ambiguities as to whether an exemption applies are resolved in favor of taxation. The majority's determination that the statute granting an exemption for truck bodies manufactured in Wisconsin is ambiguous should lead to only one conclusion: the truck bodies are subject to Wisconsin sales tax. That is

what the circuit court concluded, and I agree. I therefore respectfully dissent.