STATE of Wisconsin, Plaintiff-Respondent,

v.

Eric D. GILLESPIE, Defendant-Appellant.†

Court of Appeals

*No. 04–1758–CR. Submitted on briefs November 23, 2004.—
Decided January 5, 2005.*

2005 WI App 35

(Also reported in 693 N.W.2d 320.)

† Petition to review denied 4-6-2005.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John A. Ward*, of *Law Office of John Anthony Ward, S.C.*, of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Daniel J. O'Brien*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. NETTESHEIM, J. Eric D. Gillespie is charged with felony abuse of a child pursuant to Wis. Stat. § 948.03(2)(b) (2001–02)[1] and misdemeanor battery and disorderly conduct. Gillespie was bound over for trial following a preliminary hearing held before a court commissioner pursuant to Wis. Stat. § 757.69(1)(b). He then sought a "preliminary hearing de novo" in the circuit court on the felony charge. In support of his request for a second preliminary hearing, Gillespie relied on § 757.69(8), which permits the certification of a court commissioner's decision to the circuit court for a de novo hearing. The circuit court denied the request. We previously granted Gillespie's petition for leave to appeal the court's nonfinal order.

¶ 2. We conclude that the preliminary hearing provisions of the Criminal Procedure Code, particularly Wis. Stat. § 970.04 governing a second preliminary examination, preclude Gillespie's claim that he is entitled to a second preliminary hearing before the circuit court. As such, we affirm the order and remand for further proceedings.

### Background

¶ 3. The underlying facts are brief and undisputed. Following a preliminary hearing, a circuit court commissioner found probable cause to believe that Gillespie had committed a felony and bound him over for trial. Gillespie subsequently filed a motion for a de novo preliminary hearing before the circuit court pursuant to Wis. Stat. § 757.69(8). At a hearing on the

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

motion, the circuit court denied Gillespie's request for a de novo hearing, instead ruling that it would review a transcript of the preliminary hearing. Gillespie appeals.

### *Discussion*

¶ 4. Gillespie argues that Wis. Stat. § 757.69 entitles him to a de novo second preliminary hearing before the circuit court. We begin with some well-established law regarding a preliminary hearing. There is no federal or state constitutional right to a preliminary hearing in Wisconsin. *Johns v. State*, 14 Wis. 2d 119, 123, 109 N.W.2d 490 (1961). The express statutory purpose of the preliminary hearing is to determine whether probable cause exists that the defendant has committed a felony which warrants binding the defendant over for trial. *State v. Cotton*, 2003 WI App 154, ¶ 17, 266 Wis. 2d 308, 668 N.W.2d 346. Pursuant to § 757.69(1)(b), a preliminary hearing may be conducted by a court commissioner.

¶ 5. Gillespie contends that the circuit court erred in denying his request for a de novo preliminary hearing following his bindover by the court commissioner. He rests his argument on Wis. Stat. § 757.69, which sets out the powers and duties of circuit court commissioners. The statute provides in relevant part:

> [(1)](b) In criminal matters ... [a] circuit court commissioner employed on a full-time basis may conduct the preliminary examination and arraignment and, with the consent of both the state and the defendant, accept a guilty plea . . . .
>
> . . . .

**(8)** Any decision of a circuit court commissioner shall be reviewed by the judge of the branch of court to which the case has been assigned, upon motion of any party. *Any determination, order, or ruling by a circuit court commissioner may be certified to the branch of court to which the case has been assigned, upon a motion of any party for a hearing de novo.*

*Id.* (emphasis added). Specifically, Gillespie relies on the portion of § 757.69(8) that we have highlighted.

¶ 6. The question presented involves statutory construction and thus presents a question of law that we review de novo. *See State v. Leitner,* 2002 WI 77, ¶ 16, 253 Wis. 2d 449, 646 N.W.2d 341. "When interpreting a statute, our purpose is to discern legislative intent. To this end, we look first to the language of the statute as the best indication of legislative intent. Additionally, we may examine the statute's context and history." *Village of Lannon v. Wood-Land Contractors, Inc.,* 2003 WI 150, ¶ 13, 267 Wis. 2d 158, 672 N.W.2d 275 (citation omitted).

¶ 7. The State contends that WIS. STAT. § 970.04 precludes Gillespie's request for a second preliminary hearing. The statute states:

**Second examination.** If a preliminary examination has been had and the defendant has been discharged, the district attorney may file another complaint if the district attorney has or discovers additional evidence.

*Id.* The State contends that this is the more specific statute governing the circumstances under which a second preliminary examination may occur and thus controls over the more general statute, WIS. STAT. § 757.69(8), relating to the powers of a court commissioner. *See Gottsacker Real Estate Co. v. DOT,* 121 Wis.

2d 264, 269, 359 N.W.2d 164 (Ct. App. 1984) (where two statutes relate to the same subject matter, the specific statute controls the general statute).

¶ 8. We agree with the State. WISCONSIN STAT. § 757.69 is a part of WIS. STAT. ch. 757, entitled "General Court Provisions." The statute itself, as the title recites, is a compilation of the powers and duties of circuit court commissioners. The analysis of the statute by the Legislative Reference Bureau confirms this, stating that the purpose of the bill creating the statute was, in part, to consolidate all of the powers and duties of court commissioners into one chapter of the statutes. Legislative Reference Bureau Drafting File for AB 354, 2001–02 Session. In comparison, WIS. STAT. ch. 970 is part of Wisconsin's Criminal Procedure Code, which governs all criminal proceedings. *See* WIS. STAT. § 967.01. WISCONSIN STAT. §§ 970.03 to 970.05 of the Criminal Procedure Code govern the procedures relating to preliminary hearings. Immediately following § 970.03, the statute that confers the right to a preliminary hearing, the legislature expressly addresses in § 970.04 the circumstances under which a second preliminary examination can be held. While the factual scenario set forth in § 970.04, one in which the defendant has been discharged and a new complaint filed, is different from that presented in Gillespie's case, it nevertheless reveals that the legislature had the opportunity to address a second examination in Gillespie's situation and chose not to do so. *See A. and A.P. v. Racine County*, 119 Wis. 2d 349, 354, 349 N.W.2d 743 (Ct. App. 1984).

¶ 9. We also observe that the Wisconsin Supreme Court has decreed that a motion to dismiss is the proper procedure for obtaining circuit court review of a court

commissioner's bindover ruling and that such review is limited to a transcript of the preliminary examination. *State ex rel. Dowe v. Circuit Court for Waukesha County*, 184 Wis. 2d 724, 729, 733, 516 N.W.2d 714 (1994). We presume that the legislature acts with full knowledge of existing law, including court decisions on the topic, when enacting legislation. *See DOR v. Johnson Welding & Mfg. Co.*, 2000 WI App 179, ¶ 16, 238 Wis. 2d 243, 617 N.W.2d 193. Therefore, we have considered whether the legislature's enactment of Wis. Stat. § 757.69(8) was aimed at overturning this well-established precedent for obtaining judicial review of a court commissioner's bindover decision. However, we see nothing in the legislative history of § 757.69 generally, or subsection (8) in particular, indicating that the legislature intended to so radically change the customary method of judicial review of a bindover ruling.[2]

---

[2] Gillespie relies on *Milwaukee County v. Louise M.*, 205 Wis. 2d 162, 555 N.W.2d 807 (1996), in support of his argument. There, the supreme court held that the subject of a Wis. Stat. ch. 51 mental commitment proceeding did not have a right to a de novo probable cause hearing following a court commissioner's determination that probable cause existed to hold the subject for further proceedings. *Louise M.*, 205 Wis. 2d at 175–78. In so holding, the court noted that when the legislature has seen fit to accord such a right, it has done so by express legislation. *Id.* at 176. Gillespie seizes on this statement, contending that the later enactment of Wis. Stat. § 757.69(8) represents just such an express legislative statement. But, as we have noted, that statute represents a general compilation of a court commissioner's powers and duties. Pitted against the preliminary hearing provisions of the Criminal Procedure Code, and particularly the "Second Examination" provisions of Wis. Stat. § 970.04, the latter represent the more specific pronouncements of the legislature on this topic.

¶ 10. Because WIS. STAT. § 970.04 lays out the only scenario in which the legislature has recognized a statutory right to a second preliminary examination on the same charge, we reject Gillespie's contention that the circuit court erred in denying his request for a de novo preliminary hearing.[3]

## *Conclusion*

¶ 11. We conclude that WIS. STAT. § 970.04 of the Criminal Procedure Code specifically limits the availability of a second preliminary examination and precludes Gillespie's request for a de novo hearing under the more general WIS. STAT. § 757.69(8). We therefore affirm the circuit court's order denying Gillespie's request for a de novo preliminary hearing. We remand for further proceedings.

*By the Court.*—Order affirmed and cause remanded.

---

[3] We therefore do not address the State's alternative argument that to allow a de novo preliminary hearing under WIS. STAT. § 757.69(8) would lead to absurd and unreasonable results. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed). Because there is a more specific statute that governs second preliminary examinations, we also do not address Gillespie's contention that the legislative history of the more general § 757.69(8) supports his request for a de novo preliminary hearing.