The Landings LLC, Plaintiff-Appellant,

v.

The City of Waupaca, Defendant-Respondent.†

Franklin O. Ferg and Bette C. Ferg,
Plaintiffs-Appellants,

v.

The City of Waupaca,
Defendant-Respondent.†

Vincent Nickel, Plaintiff-Appellant,

v.

The City of Waupaca, Defendant-Respondent.†

Jay M. Kobiske, Plaintiff-Appellant,

v.

The City of Waupaca, Defendant-Respondent.†

Stephen J. Mihna and Joyce L. Mihna,
Plaintiffs-Appellants,

v.

The City of Waupaca,
Defendant-Respondent.†

Court of Appeals

† Petition to review denied 11-11-05.

No. 2004AP1301. *Submitted on briefs November 8, 2004.*
*—Decided July 28, 2005.*

## 2005 WI App 181

(Also reported in 703 N.W.2d 689.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Dan Biersdorf, E. Kelly Keady* of *Biersdorf & Associates, S.C.*, Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Richard J. Weber*, Wausau.

Before Dykman, Vergeront and Higginbotham, JJ.

¶ 1. DYKMAN, J.   The Landings, LLC, et al. (the

landowners) appeal from an order dismissing their appeals under WIS. STAT. § 32.05(11)[1] from condemnation proceedings brought by the City of Waupaca. The circuit court held that it lacked jurisdiction over the City because the notices of appeal served on the City were not authenticated, a requirement of WIS. STAT. § 801.02(1). The court's view that notices of appeal must be authenticated in § 32.05(11) appeals is a reasonable interpretation of the statutory scheme.

¶ 2.  However, we also conclude that WIS. STAT. § 32.05(11) may reasonably be read to prescribe a different procedure to perfect service that does not require authentication of the notice of appeal. The statute is therefore ambiguous. *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 47, 271 Wis. 2d 633, 681 N.W.2d 110. Thus, following *State Department of Transportation v. Peterson*, 226 Wis. 2d 623, 594 N.W.2d 765 (1999), we adopt the view that favors the condemnees and conclude that a notice of appeal under § 32.05(11) need not be authenticated. Accordingly, we reverse and remand.

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted. WISCONSIN STAT. § 32.05(11) provides in pertinent part:

> WAIVER OF HEARING BEFORE COMMISSION; APPEAL TO CIRCUIT COURT AND JURY. The owner of any interest in the property condemned named in the basic award may elect to waive the appeal procedure specified in sub. (9) and instead, within 2 years after the date of taking, appeal to the circuit court of the county wherein the property is located. The notice of appeal shall be served as provided in sub. (9)(a). Filing of the notice of appeal shall constitute such waiver. The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall proceed as an action in said court subject to all the provisions of law relating to actions originally brought therein and shall have precedence over all other actions not then on trial.

## Background

¶ 3. The relevant facts of the case are undisputed. The City of Waupaca began condemnation proceedings to acquire certain land. After negotiations with the landowners failed to yield agreements, the City made condemnation awards in accordance with WIS. STAT. § 32.05, and took ownership of the condemned property. The landowners appealed the awards to the circuit court under § 32.05(11). They sent notices of appeal by registered mail to the city clerk and clerk of courts. The City filed notices of appearance and contested the court's jurisdiction. The City then moved for dismissal of all of the landowners' cases, arguing that a condemnation appeal under § 32.05(11) is subject to the circuit court procedural rules of WIS. STAT. § 801.02(1), and that notices of appeal must therefore be authenticated before service on the condemnor.[2] The parties stipulated to the consolidation of these cases for the purpose of determining the authentication issue.

¶ 4. The circuit court concluded that because WIS. STAT. § 32.05(11) does not specify to the contrary, commencement of a condemnation appeal is governed by WIS. STAT. § 801.02(1), which provides that an action is

---

[2] WISCONSIN STAT. § 801.02(1) reads:

> A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing.

WISCONSIN STAT. § 32.05(11) provides that "notice of appeal shall be served as provided in sub. (9)(a)." Section 32.05(9)(a) provides that "notice [of appeal] shall be given by certified mail or personal service . . . ."

not commenced as to any defendant until the defendant is served with an authenticated summons and complaint. As a result, the court determined that the landowners' failure to serve the condemnor with authenticated copies of the appeal denied the court jurisdiction over the City and therefore dismissed the appeals. The landowners appeal.

### *Discussion*

¶ 5.  This case turns on the meaning of several provisions of Chapters 32 and 801 of the Wisconsin Statutes. Statutory construction involves a question of law, which we review de novo. *Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 979, 542 N.W.2d 148 (1996). The purpose of statutory interpretation is to discern the intent of the legislature. *State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506 (1997) (citation omitted). To do so, we first consider the language of the statute. *Id.* A statute is ambiguous if the statutory language is capable of being understood by reasonably well-informed persons in two or more senses. *Kalal*, 271 Wis. 2d 633, ¶ 47.

¶ 6.  When construing a statute in the context of an appeal of a condemnation award, "[p]rocedural statutes are to be liberally construed to permit a determination upon the merits of the controversy if such construction is possible." *Kyncl v. Kenosha County*, 37 Wis. 2d 547, 555–56, 155 N.W.2d 583 (1968). "[W]here a procedural statute does not provide specific direction for compliance, the ambiguity is to be resolved in favor of the person appealing the condemning entity's award of damages." *Peterson*, 226 Wis. 2d at 633. If a proce-

dural statute can reasonably be construed in a manner that favors the appealing condemnee, we must apply that interpretation. *Id.*

¶ 7.  WISCONSIN STAT. § 32.05 establishes procedures and rules for condemning land for transportation uses, including two separate methods of appeal. The first method, under § 32.05(9), provides for the challenge of a condemnation by administrative appeal. In such a proceeding, the court assigns the appeal to a commission charged with resolving it. The condemnee may appeal the commission's decision to the circuit court. Section 32.05(10).

¶ 8.  The second method, and the one used by the landowners in this case, allows a condemnee to by-pass the WIS. STAT. § 32.05(9) administrative proceeding and appeal directly to the circuit court. This method provides that an

> owner of . . . the property condemned . . . may elect to waive the appeal procedure specified in sub. (9) and instead . . . appeal to the circuit court of the county wherein the property is located. The notice of appeal shall be served as provided in sub. (9)(a) . . . . The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall proceed as an action in said court subject to all the provisions of law relating to actions originally brought therein . . . .

Section 32.05(11). The service procedure imported from § 32.05(9)(a) reads as follows: "notice [of appeal] shall be given by certified mail or personal service . . . ."
■■

¶ 9.  The supreme court has held that a condemnation appeal is actually the commencement of an action. *In re Gangler v. Wisconsin Elec. Power Co.*, 110

Wis. 2d 649, 657, 329 N.W.2d 186 (1983). Likewise, WIS. STAT. § 32.05(11) directs the clerk to "enter the appeal as an action," and provides that it "proceed as an action in said court subject to all the provisions of law relating to actions originally brought therein." Under WIS. STAT. § 801.02(1), a plaintiff must serve the defendant with an authenticated copy of the complaint. Failure to serve an authenticated copy of a complaint is a fundamental procedural error that requires dismissal because it denies the court jurisdiction over the defendant. *See American Family Mut. Ins. Co. v. Royal Ins. Co. of America*, 167 Wis. 2d 524, 533–34, 481 N.W.2d 629 (1992). The rules of Chapter 801 apply to the commencement of any circuit court action "except where different procedure is prescribed by statute or rule." Section 801.01(2).

¶ 10.   The landowners contend that the phrase "notice of appeal shall be served as provided in sub. (9)(a)" in WIS. STAT. § 32.05(11) establishes a procedure for commencement different from that provided in WIS. STAT. § 801.02(1). An appeal under § 32.05(9), as noted above, is an administrative proceeding that does not require the filing of an authenticated notice of appeal. It only directs that "notice [of appeal] shall be given by certified mail or personal service . . . ." The landowners therefore conclude that the requirements of § 801.02, including service of an authenticated copy of the initiating document, do not apply to § 32.05(11) appeals.

¶ 11.   The City agrees that WIS. STAT. § 32.05(11) provides for different procedures regarding notice of the appeal, but notes that the statute is silent as to whether the appeal must be authenticated. Accordingly, it asserts that the authentication requirement of WIS. STAT. § 801.02(1) must apply, citing *City of La Crosse v. Shiftar Bros., Inc.*, 162 Wis. 2d 556, 469 N.W.2d 915 (Ct.

App. 1991). As here, *Shiftar* concerned a procedural issue not explicitly addressed by the text of § 32.05(9)(a). There, the issue was whether the requirement in § 32.05(9)(a) that an appeal be filed within two years of the taking also required service of notice of the appeal within two years. The *Shiftar* court concluded that because § 32.05(9)(a) was silent on the issue, the general rule of § 801.02(1) that a plaintiff had sixty days (now ninety) in which to serve a defendant applied. *Id.* at 560.[3]

¶ 12. We find the City's approach initially appealing. WISCONSIN STAT. § 32.05(9)(a) is silent as to the issue in this case, just as it was silent in *Shiftar*. Likewise, certain provisions of WIS. STAT. § 801.02(1) would cure that silence. However, there are critical differences between *Shiftar* and the present case. In *Shiftar*, application of § 801.02(1) permitted the court to reach the merits of the appeal; the procedural requirements of § 801.02(1) were used as a shield to allow the condemnee's appeal to be heard. Here, the condemnor seeks to use § 801.02(1) as a sword to prevent consideration of the merits of the condemnee's appeal.

---

[3] The City also cites *In re Gangler v. Wisconsin Elec. Power Co.*, 110 Wis. 2d 649, 329 N.W.2d 186 (1983), which upheld a dismissal of a condemnation appeal under WIS. STAT. § 32.05(10)(a) after notice of appeal was served on the condemnor's attorney, and not the condemnor as required by § 32.05(10). *Gangler* is inapposite. There, the appeal was dismissed because the appellant failed to follow an unambiguous requirement of § 32.05(10). Here, the appellants did not violate the requirements of the section under which they appealed, § 32.05(11), which is silent as to whether the notice of appeal must be authenticated. Further, *Gangler* provides no guidance as to how to interpret the relevant language of §§ 32.05(11) and 32.05(9)(a), and its relation to WIS. STAT. § 801.02.

¶ 13.  Additionally, *Shiftar* predates *Peterson*, and consequently does not follow *Peterson*'s approach to statutory construction in condemnation appeals. Thus, *Shiftar* does not consider whether the statutory scheme is ambiguous in the context of that case. However, both *Kyncl* and *Peterson*, each in somewhat different contexts, concluded that WIS. STAT. § 32.05(9) was "not a paragon of clarity." *Peterson*, 226 Wis. 2d at 631 (citing *Kyncl*, 37 Wis. 2d at 555–56). We concur with this assessment of § 32.05(9), and conclude for the reasons discussed below that the statute is ambiguous in the context of this case.

¶ 14.  Though the parties have not cast the dispute in these precise terms, we believe that this case turns on the meaning of the word "served" in the phrase "notice of the appeal shall be served as provided in sub. (9)(a)" in WIS. STAT. § 32.05(11). If by "served" the statute means only "delivered," then "the notice of appeal shall be [delivered] as in (9)(a)." Accordingly, § 32.05(11) incorporates the methods of delivery, personal service or certified mail, contained in WIS. STAT. § 32.05(9)(a), but does not address other aspects of service, such as authentication. Thus, the statute's silence as to authentication, and its direction to apply "all of the provisions of law relating to [circuit court] actions," would mean that the requirement of authentication in WIS. STAT. § 801.02 applies.

¶ 15.  If, however, "served" here refers to more than delivery and includes all procedures necessary to perfect service, then WIS. STAT. § 32.05(9)(a) provides the entire procedure, and the authentication requirement of WIS. STAT. 801.01(2) does not apply. This broad reading of "served" trumps conflicting language in the statute that "all of the provisions relating to circuit court actions" apply in such appeals because it specifi-

cally addresses service and all procedures necessary to complete service. *See State v. Gillespie*, 2005 WI App 35, ¶ 7, 278 Wis. 2d 630, 693 N.W.2d 320 (where two statutes relate to the same subject matter, the specific statute controls the general statute) (citation omitted).

■

¶ 16.   We believe that both meanings of "served" are reasonable in the context of WIS. STAT. § 32.05(11). Nothing in the text of the relevant statutes conclusively determines which reading of "served" is preferred. Therefore, we adopt the construction that favors the appealing condemnee. *Peterson*, 226 Wis. 2d at 633. Accordingly, we conclude that § 32.05(11) does not require service of an authenticated copy of a notice of appeal. "To cut off [the landowners'] right to a review . . . when they complied with the literal language of the service requirement in WIS. STAT. § 32.05[(11)] would be extraordinarily harsh. We decline to do so." *Peterson*, 226 Wis. 2d at 634 (citation omitted).

¶ 17.   Our conclusion is supported by the legislative history of WIS. STAT. § 32.05(9). The original language of the bill relating to the service requirement in subsection (9) provided as follows:

> (9) APPEAL FROM AWARD BY OWNER OR OTHER PARTY IN INTEREST. Any party having an interest in the property condemned may within 2 years after the date of taking, upon notice of appeal *served as a circuit court summons is served,* upon the condemnor and the clerk of the circuit court . . . .

Legislative Reference Bureau Drafting File 1959 Senate Bill 285, first draft of bill, (emphasis added). This version required service of the notice "as a circuit court summons is served," i.e., according to the rules of civil

procedure. However, the bill as enacted into law replaced this requirement with language that mirrors the current statute:

> (9) APPEAL FROM AWARD BY OWNER OR OTHER PARTY IN INTEREST. (a) . . . Notice . . . shall be given to the clerk of the circuit court and to all other persons other than the applicant who were parties to the award. *Such notice may be given by certified mail or personal service.*

Laws of 1959, § 32.05(9)(a) (emphasis added). This change to the first draft of the provision is strong evidence of intent to provide a different, less formal service procedure for appeals under § 32.05(9)(a) and, by extension, for those under § 32.05(11).

¶ 18. The legislature may decide to amend the statute to clarify service procedures for appeals under WIS. STAT. § 32.05(11). However, "statutes must clearly set forth the procedural requirements" necessary to seek a review of a governmental decision. *Trojan v. Board of Regents*, 104 Wis. 2d 277, 284, 311 N.W.2d 586 (1981). Because this statute does not, we adopt the interpretation that favors the condemnees and permits a determination of the dispute upon the merits.

*By the Court.*—Order reversed and cause remanded.