Sᴛᴀᴛᴇ of Wisconsin,
Plaintiff-Respondent,†

v.

Javier Bᴇᴅᴏʟʟᴀ,
Defendant-Appellant.

Court of Appeals

*No. 2005AP2717–CR. Submitted on briefs May 15, 2006.
—Decided June 27, 2006.*

2006 WI App 154

(Also reported in 720 N.W.2d 158.)

† Petition to review denied 9/11/06.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William C. Wolford*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J.   Javier Bedolla contends that because he was never advised of the risk of deportation at the time of entering his no contest plea to second-degree sexual assault of a child, the trial court erred by denying the motion to withdraw his plea. The circuit court held that since there was an immigration detainer placed on him in another case prior to his plea, the

failure to give the deportation warning had no impact on his immigration status. Because Bedolla has shown that his plea to the sexual assault in this case is likely to result in his being deported, we reverse the order and remand the matter to the circuit court for further proceedings.

¶ 2. The underlying facts are undisputed. When Bedolla entered his no contest plea to second-degree sexual assault of a child, the court failed to personally advise him under WIS. STAT. § 971.08(1)(c) that his plea may result in deportation.[2] Bedolla is a non-citizen and the State concedes this warning was required and not given. A few months after the trial court sentenced Bedolla to five years' initial incarceration and ten years' extended supervision, Bedolla filed a motion to with-

---

[2] WISCONSIN STAT. § 971.08 states in relevant part:

(1) Before the court accepts a plea of guilty or no contest, it shall do all of the following:

. . . .

(c) Address the defendant personally and advise the defendant as follows: "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law."

(2) If a court fails to advise a defendant as required by sub. (1) (c) and a defendant later shows that the plea is likely to result in the defendant's deportation, exclusion from admission to this country or denial of naturalization, the court on the defendant's motion shall vacate any applicable judgment against the defendant and permit the defendant to withdraw the plea and enter another plea. This subsection does not limit the ability to withdraw a plea of guilty or no contest on any other grounds.

All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

draw his plea, based on the court's failure to advise him of the risk of deportation as required by statute.[3]

¶ 3.   At the motion hearing, Bedolla introduced evidence that the Immigration and Naturalization Service placed an immigration detainer against him with the Department of Corrections. While acknowledging error in failing to advise Bedolla that his plea may result in deportation, the court observed that the immigration detainer had been entered against Bedolla two months prior to the plea, in a case involving false imprisonment. The court denied the motion, concluding the plea in this case did not affect Bedolla's immigration status because he was already facing deportation as the result of the false imprisonment case.

¶ 4.   Both sides agree the issue involves application of a statute to undisputed facts. The proper construction of a statute presents a question of law, which we review de novo. *The Landings LLC v. City of Waupaca,* 2005 WI App 181, ¶ 5, 287 Wis. 2d 120, 703 N.W.2d 689.

¶ 5.   Both statutory and case law have set forth clear rules for analyzing this type of plea withdrawal issue. The defendant must be permitted to withdraw the plea and have the conviction vacated if three conditions are met:   "(1) the defendant makes a motion; (2) the circuit court has failed to advise the

---

[3] Although Bedolla and the State restrict their argument to the trial court's failure to advise Bedolla of the deportation consequences of his plea, we note that the required warnings also require the court to advise a non-citizen defendant of the possible consequence of exclusion from admission to this country or the denial of naturalization. *See* WIS. STAT. § 971.08(1)(c).

defendant under Wɪs. Sᴛᴀᴛ. § 971.08(1)(c) regarding the deportation consequences of a no-contest plea; and (3) the defendant shows that the plea is likely to result in his being deported." *State v. Douangmala*, 2002 WI 62, ¶ 23, 253 Wis. 2d 173, 646 N.W.2d 1; Wɪs. Sᴛᴀᴛ. § 971.08(2).

¶ 6.   Here, the central issue surrounds the third condition:   whether Bedolla demonstrated that the plea in this case is likely to result in his deportation. Bedolla contends that he need prove only that he is a non-citizen and that he pled to a deportable offense. He argues the trial court's reasoning is akin to a harmless error analysis, an analysis that was firmly rejected in *Douangmala*. There the court denied the State's argument to apply the harmless-error principle to a defendant who was aware of his plea's deportation consequences, but was not given the deportation warnings.

¶ 7.   The State contends, however, this is not a case of harmless error as addressed in *Douangmala* because Bedolla has not shown he is likely to be deported as a result of this plea and, therefore, he has not satisfied the third condition of Wɪs. Sᴛᴀᴛ. § 971.08(1)(c). It notes the detainer indicates that an investigation had been initiated earlier to determine whether Bedolla is subject to removal from the United States as a result of the false imprisonment conviction. It reasons that because the Immigration and Naturalization Service had already begun investigating Bedolla with proper grounds for deportation before he pled no contest to the sexual assault charge in this case, Bedolla has failed to show that his plea to the sexual assault charge "is likely to result in the defendant's deportation." Rather, the State contends his deportation is likely to result from his earlier conviction. The State also cites cases from other jurisdictions where the

courts denied a defendant's plea withdrawal motion in similar circumstances because no prejudice was shown for a trial court's failure to give similar statutory deportation warning to a non-citizen at the time of entering a plea.

■

¶ 8.  Here, Bedolla, a non-citizen, pled no contest to a crime that is indisputably a deportable offense.[4] Whether he will be deported based on the earlier offense or other offenses, or a combination of the other offenses and the present offense, would amount to no more than conjecture or guesswork at this stage of the proceedings. The court's analysis must be narrowly tailored to the facts in the case at hand and not be expanded to an examination of the defendant's criminal history. The courts should not be required to speculate on how the Immigration and Naturalization Service might act with respect to other unrelated cases.[5]

¶ 9.  We also agree with Bedolla that the State's argument is effectively a harmless error argument. Whether one would describe the failure to advise Bedolla of the deportation warnings as "harmless error" or "no prejudice," the concept is the same and rejected in *Douangmala. See id.*, ¶¶ 36–42. The supreme court in *Douangmala* saw no difference, nor do we.

¶ 10.  What is relevant is that Bedolla, a non-citizen, has entered a no contest plea to a deportable

---

[4] *See* 8 U.S.C. § 1101(a)(43) (2005).

[5] Bedolla states that false imprisonment is not specifically identified as an "aggravated felony" for purposes of deportation. 8 U.S.C. § 1101(a)(43) (2005). However, the State suggests Bedolla's latest conviction for false imprisonment started the investigation for his deportation, as his prior convictions for manufacture or delivery of methamphetamine constitute drug trafficking, which would make it an aggravated felony.

offense, the required statutory warnings were not given, and the federal government has filed a detainer against him for his possible deportation. The detainer filed against Bedolla simply states, "Investigation has been initiated to determine whether this person is subject to removal from the United States."

¶ 11. WISCONSIN STAT. § 971.08(2) uses the term "likely" and not "shall," meaning a defendant need not prove he definitely will be deported on this case. Even though the earlier conviction sparked the investigation and immigration detainer, this additional sexual assault conviction obviously will now be included as part of the Immigration and Naturalization Service's information when determining whether to deport him. Because the sexual assault offense will be considered as a basis, in full or part, for his possible deportation, Bedolla has shown his plea to this offense is likely to result in his deportation. Consequently, Bedolla must be permitted to withdraw his plea.

*By the Court.*—Order reversed and cause remanded for further proceedings.